## Drew *versus* Peer.

1. Where injuries are inflicted by a servant in the course of his employment, but without the command or assent of his master, case and not trespass is the proper form of action to recover damages from the master.

2. Where damages are claimed by a husband for the loss of his wife's services, and for medical attendance resulting from a personal injury to her, case is the proper form of action.

3. P. and his wife, who were colored persons, purchased two tickets of admission to reserved seats in the theatre of defendant. They entered the street door, but were refused further admission, and forcibly ejected from the theatre by the employees. P. brought an action of trespass on the case to recover damages. *Held*, that this was the proper form of action to recover the price of the tickets and for the loss occasioned to the plaintiff by his wife's illness, as the damages thus claimed were consequential and not direct.

4. In the absence of any regulation in a theatre in regard to color, where a colored person is refused admission on a ticket the proprietor is liable therefor.

5. Per STERRETT, J.—" We incline to the opinion that as purchasers and holders of tickets for particular seats, the plaintiff and his wife had more than a mere license. Their right was more in the nature of a lease, entitling them to peaceable ingress and egress, and exclusive possession of the designated seats during the performance on that particular evening."

6. It is not error to permit counsel, after the charge of the court, to state to the jury the specific items for which he claims damages.

February 20th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county* : Of January Term 1879, No. 88.

Case by Pusey Anthony Peer against Louisa Drew.

The summons issued December 2d 1876. The *narr.* averred that on April 16th 1874, the plaintiff purchased two reserved seats and tickets of admission to the Arch Street Theatre, of which defendant was the lessee and proprietress; that as the holders of said tickets, plaintiff and his wife were entitled to enter and occupy said seats; that in pursuance of such right plaintiff and his wife had presented said tickets at the door of said theatre on the

[Drew v. Peer.]

evening of April 16th 1874, and attempted to enter, but the defendant refused them admission and ejected, expelled, thrust out, evicted, pushed and shoved the said plaintiff and his said wife from the theatre into the street in front of the theatre, and with great force and violence, shook and pulled about him the said plaintiff and his said wife, whereby the plaintiff has been greatly injured and prevented from having the right of admission to the said Arch Street Theatre, and the right to be present at and see the said performances and exhibitions, and to use and enjoy the said two seats, and the said Rachael Allandesa Peer, his wife, by means of the several premises, was then and there greatly hurt, bruised and wounded, and became, and was, sick, sore, lame and disordered, and so remained and continued for a long space of, time, to wit, for the space of two weeks then next following, whereby he, the said plaintiff, during all that time, lost and was deprived of· all the comfort, benefit and assistance of his said wife, in his domestic affairs, which he might, and otherwise would have had, and whereby also, he, the said plaintiff, was forced and obliged to, and did necessarily pay, lay out and expend a large sum of money, to wit, the sum of $500, in and about endeavoring to have her, his said wife, cured, &c.

The counsel for defendant believing that the joinder of an averment of the breach of the promise to the plaintiff contained in the ticket, with a complaint of physical force and violence to his wife was a misjoinder, and that he had a right to disregard the latter and treat it as surplusage, pleaded non assumpsit. The court, however, on motion of plaintiff to set aside this plea, expressing the opinion that it was badly pleaded, defendant withdrew it, and pleaded "not guilty." The suit was not brought till more than two years after the event occurred, and defendant also pleaded not guilty within two years.

At the trial, it appeared that the plaintiff, who was a colored man, on April 10th 1874, purchased two tickets to the theatre from a policeman, who had been authorized to make sale of tickets for the benefit of the police fund, which was being raised in aid of the Centennial Exhibition.   On the 13th of April 1874, the wife of the plaintiff went to the box-office of the theatre and had the two tickets, thus purchased, exchanged for two reserved seats in the orchestra, for the performance on April 16th.   The agent at the office inquired for whom she was purchasing the tickets, and she replied for " Mr. Peer and family."   On the evening of the 16th, plaintiff and his wife passed through the street-door of the theatre, and were within a few feet of the ticket-taker, at the entrance to the orchestra circle, when the man who was taking the tickets cried out, " Clear them niggers out;" and an usher came up and said " they didn't admit niggers there."   It also appeared that he placed his back against Mrs. Peer and pushed

[Drew *v.* Peer.]

her backwards towards the door through the crowd who were entering the theatre.   There was evidence that he used some violence in thus ejecting her.   And also evidence of the nature and extent of the injuries received by her in consequence.   There was no evidence to show that there was a place in the theatre assigned to colored people, or that there were any regulations in regard to people of color.

The court, Thayer, P. J., inter alia, charged:

"If the injuries complained of were caused by defendant's agents, in the course of the employment committed to them, she was liable, in so far as they had occasioned loss and damage to the plaintiff, but as the action was by the husband alone, only such loss as *he* had experienced could enter into the verdict. * * * That there was no evidence of any regulation excluding colored persons from the theatre. * * * That the question of color did not arise in the case, and had nothing to do with it, there not being a scintilla of proof that there was any regulation of defendant as to colored persons. * * * The defendant's counsel having argued to the jury from the case of Miles *v.* West Chester Railroad Co., 5 P. F. Smith 209, the court further charges the jury, that if a regulation had been shown, setting apart a particular place in the theatre for colored persons, the defendant might have cited with some plausibility the case of Miles *v.* West Chester Railroad Company; but that the law of that case did not authorize defendant to exclude colored people from the house. * * * That the plaintiff might recover in this case, not only for any injury to himself, but also for the loss of service to himself of his wife, and any expenses to which he had been put on her account. * * * That if the ticket-agent had called upon any one in the crowd ' to put that nigger out,' and some ruffian had done so, the defendant would be liable." * * *

The defendant submitted, inter alia, the following points, to which are appended the answers of the court:

1. The plaintiff cannot, in the same suit, sue for and recover damages for an assault upon or violence done to himself, and also damages for an assault upon or violence done to his wife, and the jury must, therefore, find for the defendant.

Ans. "The plaintiff may recover for any consequential injuries caused to himself by the misconduct of the defendant's agents, and in that may be included any loss or damage which he individually had sustained in consequence of the injury to his wife."

2. The plaintiff cannot, in one and the same suit, sue for and recover damages for an assault upon or violence done to himself, and for the loss of services of his wife and moneys paid or expended for her, and the jury must, therefore, find for the defendant.

Ans. "This is not an action for an assault and battery, but an

[Drew v. Peer.]

action on the case for consequential injuries alleged to have been suffered by plaintiff in consequence of the misconduct of the defendant's agents, and for such injuries he may recover, including any loss or damage which he had individually sustained in consequence of the injury of his wife."

3. The plaintiff cannot, in this action, recover more than the price of the tickets which he purchased, and interest thereon. He cannot recover damages for assaults upon or violence done to the plaintiff or his wife, or for losses or injuries resulting therefrom.

Ans. "There is no proof of any injury to the plaintiff's person, and the injury to the wife can be taken into account only so far as it shows a loss suffered by the plaintiff in consequence of it. The plaintiff cannot recover in this action for an assault and battery, but he may recover for any loss he sustained in consequence of injuries to his wife, resulting from the misconduct of the defendant's agents, as well as the price of the tickets."

4. The defendant had a right to exclude persons of color from her theatre, and if, upon finding that they were not permitted to enter, they refused to retire, she was authorized to compel them so to do, using no more force than was necessary for that purpose.

Ans. "Refused."

5. There is no evidence to show that, if any violence was done to the plaintiff or his wife, it was expressly or impliedly authorized by the defendant, and she cannot, therefore, be made liable for the same.

Ans. "Refused."

6. The defendant is not liable for any violence done by any person not authorized by her to do it, and if the jury believe that the violence, if any, to the plaintiff and his wife, sued for in this case, was done by the crowd, or by persons not authorized by her, she cannot be made liable.

Ans. "The defendant is responsible for any loss or damage suffered by himself in consequence of the misconduct of the defendant's agents. It did not require an express direction to her agents to commit this injury to make her responsible. Of course she is not responsible for injuries committed by strangers which were not caused by the direction or misconduct of her own agents.

7. If the jury believe that the violence, if any, to the plaintiff and his wife, done in this case, was done by or at the command of a person who, though in the employment of the defendant, had no power or authority from her to do or command it, the plaintiff cannot recover.

Ans. "The principal is responsible for the misconduct of the agent in the discharge of the functions committed to him by the principal."

8. If the jury find that the violence, if any, to the plaintiff and his wife, done in this case, was done by an employee of the defend-

[Drew *v.* Peer.]

ant, but done without her order, direction or knowledge, and out of the usual course of the employment of such employee, the plaintiff cannot recover.

Ans. "If the injury was committed by an agent out of the usual course of employment, the defendant was not responsible; but, if the injury was committed by the defendant's doorkeeper or ticket-taker, then it was in the course of their employment."

9. The action in this case is barred by the Statute of Limitations, and the plaintiff cannot therefore recover.

Ans. "Refused."

After the court had concluded their charge, the plaintiff proposed to send out with the jury a written statement of the items of pecuniary loss, which he alleged he had sustained in consequence of the misconduct of the defendant's agents. This was objected to by defendant, and thereupon the court permitted the plaintiff's counsel to state to the jury, without comment, the several items of pecuniary loss which he claimed, and to this the defendant excepted. The defendant also excepted to all the above portions of the charge, and to the answers to the points.

The verdict was for plaintiff for $900.25, on the issue found on the first plea, and for the defendant on the issue found on the second plea. Defendant then took this writ and alleged that the court erred in the portions of the charge noted, in the answers to the points, in permitting the plaintiff's counsel to state the items of his claim; in striking off the plea of non assumpsit, and in leaving the case to the jury on the plea of "not guilty," while they directed a verdict for defendant on the plea of "not guilty within two years."

*James H. Shakespeare* and *James H. Heverin*, for plaintiff in error.—The plaintiff had a right to bring an action on the case, for a breach of the contract contained in the ticket. If he had done so, and limited himself to that as a cause of action, his recovery would have been the price of the tickets, $2, with interest. It has been repeatedly held, that such a ticket is a mere revocable license. Where a consideration is paid for the license, the licensee can sue for damages, and in case of revocation, the damages are measured by those ordinarily applied to a broken contract: Wood *v.* Leadbitter, 13 Mees. & W. 837; McCrea *v.* Marsh, 12 Gray 211.

The declaration alleges actual force of the defendant. The damages claimed are for the results of actual force. The evidence shows that the injury was caused by actual force, and though it was the force of an employee, the charge of the court makes defendant responsible for it. For such force, whether that of defendant directly or by or through an agent's, trespass *vi et armis* is the only remedy: Gregory *v.* Piper, 9 B. & C. 591; Sharrod *v.* Railway Co., 4 Exch. 580; Dolph *v.* Ferns, 7 W. & S. 367; 1 Chit. Pl. 181. If, there-

[Drew v. Peer.]

fore, Mrs. Drew was liable at all, she was liable only in that form of action. The fact that it is a *per quod* action makes no difference. It is well settled, that when the injury to the wife, child or servant, arises from force, the proper action is trespass *vi et armis*: Legaux *v.* Feesor, 1 Yelv. 589; Jones *v.* Tevis, 4 Litt. 25; 1 Sm. Lead. Cas. 561, 769; 1 Chit. Pl. 134. To attempt to recover on both grounds is a misjoinder, and advantage may be taken of it on error: 1 Chit. Pl. 205. There was no evidence of any regulation requiring the exclusion of colored people from the theatre. The act of the defendant's agent was, therefore, voluntary and outside his functions, and the master is not liable therefor.

The Statute of Limitations is not to be allowed to depend on the mere form of the action. De Haven *v.* Bartholomew, 7 P. F. Smith 126. Here, if the plaintiff desires to recover $2, the price of the tickets with interest, he has his action on the case and six years. If his real cause of action is, as here, an assault, he has but two years.

*Rudolph M. Schick* and *Benjamin Harris Brewster*, for defendant in error.—The form of action is properly in case, because the damages of the plaintiff are consequential. The injuries are to the person of the wife, in consequence of which the plaintiff lost, and was deprived of the assistance of his wife in his domestic affairs; and was put to the expense of hiring persons to do the service formerly performed by her, and to the expense of medical attendance and medicines for her cure: Wilt *v.* Vickers, 8 Watts 227; Whitcomb *v.* Barre, 37 Vt. 148; Ream *v.* Rank, 3 S. & R. 215; Bennett *v.* Allcott, 2 Term Rep. 166. Case is the proper remedy against the master for any injury inflicted by his servant: 1 Ch. Pl. 149. If there was a misjoinder, it should have been taken advantage of by demurrer: Martin *v.* Stille, 3 Whart. 337; Burkholder *v.* Beetem, 15 P. F. Smith 496.

There is no misjoinder of causes of action in the declaration. The tickets are set out merely by way of inducement. They show the plaintiff's right to be where he was when the injuries were inflicted, which is in all cases necessary, where the law does not give or imply the right: 1 Ch. Pl. 412. Tayler *v.* Waters, 7 Taunt. 374, is an action on the case for being deprived of admission to a theatre, and the ticket is set out as an inducement.

The tickets were more than a revocable license. By reason of the expenditure on the faith thereof, they became an agreement on valuable consideration, which it would be a fraud on the part of the licensor not to carry out: Huff *v.* McCauley, 3 P. F. Smith 206; LeFevre *v.* LeFevre, 4 S. & R. 241; Rerick *v.* Kern, 14 Id. 267; Swartz *v.* Swartz, 4 Barr 353; Thompson *v.* McElarney, 1 Norris 177.

[Drew *v.* Peer.]

Mr. Justice STERRETT delivered the opinion of court, May 3d 1880.

The main contention of the plaintiff in error, to which several of the assignments relate, is that the action should have been trespass *vi et armis* and not case. A brief consideration of the facts upon which the action was grounded, and the nature of the damages for which compensation was claimed, will enable us to determine this question. The declaration, after setting out, by way of inducement, the purchase by the plaintiff of two tickets of admission to defendant's theatre, entitling the holders thereof to occupy two designated seats therein, and witness the performances and exhibitions there given on the evening of April 16th 1874, averred in substance that he in company with his wife presented the tickets to the proper person to receive the same and admit them to said seats; that his demand for admission was refused, and both he and his wife were so rudely ejected from the theatre that she was greatly injured, and her health was for a long time much impaired; whereby the plaintiff was deprived of her assistance in his domestic affairs, and was obliged to expend large sums of money in endeavoring to have her injuries cured and health restored, and thereby sustained damage, &c.

The loss of his wife's services in his domestic affairs, by reason of the injuries she received, and the consequent outlay necessarily incurred in hiring others to do what she would have done, and in procuring medical attendance, &c., evidently constitute the *gravamen* or *gist* of his complaint; and it was to these matters that the testimony was mainly directed. It was not claimed that the plaintiff in error personally inflicted the injuries from which the alleged damages resulted. On the contrary the testimony tended to prove that they were inflicted by her agents in the course of their employment in the theatre, and the court instructed the jury that if they so found, the plaintiff in error was liable in so far as her agents "had occasioned loss and damage to the plaintiff; but, as the action was by the husband alone, only such loss as he had experienced could enter into the verdict." The facts then as claimed by the plaintiff below, and supported by his testimony were found by the jury. Upon the facts so found we think there can be no doubt that the form of action was properly case; because the injuries to Mrs. Peer, from which the damages to her husband resulted, were not inflicted personally by the plaintiff in error, or by her command or with her assent, but by her agents in the course of their employment. The criterion is not whether the master has given the authority to do the particular act, but whether the servant has done it in the ordinary course of his employment. In 1 Chitty Pleading 149, it is said: "For some torts which may prima facie appear to be forcible and immediate * * * an action on the case is the proper remedy. So, though a master may be liable

[Drew *v.* Peer.]

under the circumstances to compensate an immediate injury committed by his servant, in the course of his employment, with force, yet the action against the master must in general be case, though against the servant it might for the same act be trespass." To maintain trespass *vi et armis* against the employer it must appear that the particular injury or act of trespass was done by his command or with his assent : The Railroad Co *v.* Wilt, 4 Whart. 142 ; Yerger *v.* Warren, 7 Casey 319 ; The Allegheny Valley Railroad Co. *v.* McLain, 10 Norris 442.

The action was properly in case for the further reason that the damages claimed by the plaintiff were consequential. In treating of actions of trespass by husband and wife, for battery of the wife, Blackstone says, if the beating be so severe that the husband is thereby " deprived for any time of the company and assistance of his wife, the law gives him a separate remedy, by action of trespass in the nature of an action upon the case for this ill usage, *per quod consortium amisit*, in which he may recover a satisfaction in damages : 3 Bl. Com. 140. Mr. Stephen, in his treatise on the principles of pleadings, says : " The action of trespass lies where a party claims damages for a trespass committed against him. A trespass is an injury committed with violence, either actual or implied ; and the law will imply violence, though none is actually used, where the injury is of a *direct* and *immediate* kind, and committed on the *person* or *tangible* and corporeal property of the plaintiff." It follows from this that where damages are claimed by the husband for loss of his wife's services, and for medical attendance resulting from a personal injury to her, that case is the proper form of action. The right to the services is an intangible right, and therefore not the subject of immediate forcible injury, such as may be inflicted on tangible or corporeal property. The principle is also recognised in Ream *v.* Rank, 3 S. & R. 214, which was an action on the case for debauching the plaintiff's daughter, by which he lost her services and was put to great expense, &c. After reviewing the authorities, it is there said that " the injury complained of does not follow directly from the act of the defendant, but consequentially, and that is the criterion between trespass and case. The injury is the loss of services occasioned by consequences flowing from the act itself." While it is conceded by the court that trespass has often been resorted to in similar cases, it is said, in sustaining the action in that case, that " on principle the action of case would seem to be the more appropriate remedy." This case was followed by Wilt *v.* Vickers, 8 Watts 227, in which the distinction between trespass and case was elaborately considered, and the principle, contended for by the learned counsel for the defendant in error, recognised.

There was no error in holding that the action was in proper form, or in submitting the case to the jury, as was done.

12 Norris—16

[Drew *v.* Peer.]

If there had been an improper joinder of distinct causes of action in the declaration, this should have been taken advantage of by demurrer; but there was no such misjoinder. The tickets were set out merely by way of inducement to show that the plaintiff and his wife had a right to be where they were at the time the injuries to her person were inflicted, and that as patrons of defendant's theatre they were entitled to protection from injury at the hands of her employees.

Whether the tickets conferred merely a license or something more is immaterial. If they gave only a license to enter the theatre and remain there during the performance, it is very clear that the agents of the defendant had no right to revoke it as they did, and summarily eject Peer and his wife from the building in such manner as to injure her. We incline to the opinion, however, that as purchasers and holders of tickets for particular seats they had more than a mere license. Their right was more in the nature of a lease, entitling them to peaceable ingress and egress, and exclusive possession of the designated seats during the performance on that particular evening.

It is unnecessary to notice specially the remaining assignments of error, further than to say that they are not sustained. The verdict was fully justified by the evidence, and the judgment thereon should not be disturbed.

Judgment affirmed.