## Williams, Appellant, *v.* Shapiro.

*Theatres—Ejection from theatres—Trespass—Judgment for defendant n. o. v.*

There is nothing unlawful or tortious in the revocation of the license enjoyed through the purchase of a theatre ticket, and the removal of the purchaser from the theatre, where the licensee refused to comply with the regulations of the theatre, and the removal was not effected in a forceful violent or harmful way.

Where the plaintiff purchased a ticket to a moving picture theatre and, after entering, was told that, because of the crowded condition, she could not stand and must either go up stairs in the gallery or else leave the theatre, and that her money would be returned to her, and, upon her failing to comply with this request, she was removed without force or violence, she cannot recover damages and judgment for defendant n. o. v. was properly entered.

Argued Oct. 29, 1918. Appeal, No. 105, Oct. T., 1918, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1917, No. 33, for defendant non obstante veredicto in case of Bessie M. Williams v. J. S. Shapiro. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for forcible removal from a theatre. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $53.34. Subsequently the court on motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Wm. Wallace Chisolm,* and with him *H. H. Waite,* for appellant.

*W. M. Henderson,* for appellee.

OPINION BY HEAD, J., April 28, 1919:

The plaintiff brings this action of trespass to recover damages for her alleged unlawful ejection from a moving picture theatre owned or operated by the defendant. On the trial certain questions were submitted to the jury by the learned trial judge and there followed a small verdict in favor of the plaintiff. Upon consideration of a motion for judgment n. o. v. on the whole record; the motion was granted and the judgment prayed for entered. The plaintiff appeals.

We think we may properly say the facts we shall now state are either actually admitted or entirely uncontradicted in the testimony. The plaintiff purchased and paid for an ordinary ticket of admission. At the time she entered the auditorium all of the seats were occupied and there were already persons standing in the

aisles.   The plaintiff was told she must go upstairs, where a seat would be available.   She declined to follow this direction and declared she would stand.   She was then told she could not do that and that she would have to leave the theatre and that her money would be returned to her at the window where she had purchased her ticket.   A police officer standing nearby was asked by the defendant to see that she got out and without more than touching her sleeve and indicating that she was to go, the plaintiff left the theatre, returned her ticket, and received the purchase-price thereof.   She went from there to another place of amusement and thence to her home.

That the defendant was fully warranted in denying to the plaintiff the privilege of standing in the aisle, under the existing conditions, we think, is beyond question. His direction that she should go into the balcony where she could find a seat was a wholly reasonable one and her refusal to comply with that direction furnished a perfectly satisfactory ground for the revocation of the license incident to her ticket of admission.   When her money was promptly refunded, she was left without any cause of action cognizable by the law.

We are not to be understood as holding that the right of the defendant to revoke the license and return to the plaintiff her money existed only where proper cause therefor could be shown.   That question is not before us. Nor do we think it necessary to point out that the case of Drew v. Peer, 93 Pa. 234, in no way supports the contention of the appellant here.   It is enough to say that when that case is viewed in the light of its own facts and of what was said concerning it in the much later case of Horney v. Nixon, 213 Pa. 20, it becomes manifest it can have but little bearing here.

We have already seen that the act of the defendant in revoking the license and directing the removal of the plaintiff from the theatre was in no way unlawful or tortious.   We find nothing in the evidence to warrant the conclusion that the plaintiff's removal was effected in any

586, (1919).]          Opinion of the Court.

forcible, violent or harmful way. We are, therefore, unable to perceive any solid foundation to support a verdict and judgment in her favor. The learned court below was right in entering judgment for the defendant non obstante veredicto.

Judgment affirmed.