## Miller v. Snyder.

*Trespass — Justice of the peace—Jurisdiction—Automobiles—Collision—Consequential damages.*

1. Where an automobile on a public highway, driven by an employee of defendant under the direction of defendant and engaged in the master's business, causes damages to another automobile, the damages are consequential.

2. A justice of the peace or an alderman has no jurisdiction to try such an issue.

Appeal from judgment of alderman. Affidavit of defence raising questions of law. C. P. Lehigh Co., June T., 1924, No. 131.

*Edwin K. Kline*, for plaintiff; *Horace W. Schantz*, for defendant.

IOBST, J., Nov. 17, 1924.—This case came to the Common Pleas on an appeal from the judgment of an alderman. The transcript fails to show whether the summons was issued in *assumpsit* or in trespass, but states that a truck owned by the defendant ran into plaintiff's automobile, causing damages to the amount of $140.25, for which amount judgment was rendered. After appeal entered, plaintiff filed his statement of claim, alleging that, while he was operating his automobile upon a public highway within the County of Lehigh, the defendant's automobile, being driven by an employee of the defendant, under the directions of the defendant and engaged in his master's business, carelessly and negligently ran into plaintiff's automobile, causing damages, etc. Thereupon the defendant filed his affidavit of defence raising a number of questions of law for the decision of the court. It is only necessary to consider the third reason, to wit, that the damages sustained by the plaintiff were consequential, due to the fact that at the time of the collision between the two machines the defendant was neither driving his automobile nor was he present, and, therefore, the alderman had no jurisdiction. At the argument, counsel for the plaintiff conceded the fact that defendant was not present at the time of the collision.

The Act of March 22, 1814, P. L. 190, provides that justices of the peace of this Commonwealth shall have jurisdiction of actions of trover and conversion, and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of property claimed, or the damages alleged to have been sustained, shall not exceed $100. The jurisdiction as to amount was increased to $300 by the Act of July 7, 1879, P. L. 194. The opinion of Rice, P. J., in the case of Grosky v. Wright, 2 Kulp, 415, has been repeatedly followed by Common Pleas judges in this State. He there held as follows: "It has been many times decided that the damages for which a plaintiff may sue in this form of action are such as shall arise where the injury is immediate and would be recoverable in the common law action of trespass *vi et armis*, and not such as are consequential and would be recoverable, if at all, only in an action of trespass on the case."

"Where injuries are inflicted by a servant in the course of his employment, but without the command or assent of his master, case and not trespass is the

proper form to recover damages from the master:" Drew *v.* Peer, 93 Pa. 234. The Procedure Act of May 25, 1887, P. L. 271, abolishes the distinction between trespass *vi et armis* and trespass on the case, but did not extend or enlarge the jurisdiction of justices of the peace: Conaghan *v.* Rudolph & Myers, 6 Dist. R. 225; Stewart *v.* Shaffer, 6 Dist. Reps. 226; Kidd *v.* Frack, 7 Lehigh Co. L. J. 407.

It is, therefore, well settled that actions on the case, as well as actions for consequential damages, must originate in the Common Pleas Court. The record in the case before us clearly shows an action on the case, and the alderman, therefore, had no jurisdiction.

### Decree of court.

Now, Nov. 17, 1924, the affidavit of defence raising questions of law is sustained, the plaintiff's statement of claim is stricken off the record and the proceedings dismissed, at the costs of the plaintiff.

From Edwin L. Kohler, Allentown, Pa.