From Otto Herbst, Erie, Pa.

## Fillman v. Messner

*Groman & Rapoport,* for plaintiff; *George R. Booth,* for defendant.

STEWART, P. J., February 8, 1932.—Plaintiff brought suit to recover damages by reason of a collision between his Packard sedan and defendant's auto truck. In the third paragraph of his amended statement of claim he avers as follows:

"That on the 4th day of February, 1931, the aforesaid truck was driven by Robert Randolph, an employe, agent, servant or workman of the defendant, C. F. Messner, and that the said truck was being used at the time of the accident for and on behalf of the defendant, C. F. Messner."

Defendant filed an affidavit of defense raising questions of law. In it he called attention to the above-quoted paragraph, and averred that the case originated before an alderman in the City of Bethlehem, from whose judgment an appeal was taken to this court, and that plaintiff never had a cause of action cognizable by an alderman, and that said alderman had no jurisdiction of this case. If this suit had been brought in the common pleas prior to the Procedure Act of May 25, 1887, P. L. 271, the action would have been trespass on the case, and not trespass vi et armis. In Drew v. Peer, 93 Pa. 234, the syllabus is: "Where injuries are inflicted by a servant in the course of his employment, but without the command or assent of his master, case and not trespass is the proper form of action to recover damages from the master." In the opinion Mr. Justice Sterrett said, pages 240 and 241:

"Upon the facts so found we think there can be no doubt that the form of action was properly case; because the injuries to Mrs. Peer, from which the damages to her husband resulted, were not inflicted personally by the plaintiff

in error, or by her command or with her assent, but by her agents in the course of their employment. The criterion is not whether the master has given the authority to do the particular act, but whether the servant has done it in the ordinary course of his employment. In 1 Chitty Pleading 149, it is said: 'For some torts which may prima facie appear to be forcible and immediate . . . an action on the case is the proper remedy. So, though a master may be liable under the circumstances to compensate an immediate injury committed by his servant, in the course of his employment, with force, yet the action against the master must in general be case, though against the servant it might for the same act be trespass.' To maintain trespass vi et armis against the employer it must appear that the particular injury or act of trespass was done by his command or with his assent: The Railroad Co. v. Wilt, 4 Whart. 143; Yerger v. Warren, 7 Casey 319; The Allegheny Valley R. R. Co. v. McLain, 10 Norris 442."

In Sprout v. Kirk, 80 Pa. Superior Ct. 514, the syllabus is:

"The action of trespass for the recovery of damages for injury done or committed on real or personal estate of which justices of the peace were given jurisdiction by the Act of March 22, 1814, 6 Sm. Laws 182, was the action of trespass vi et armis, where the injury was immediate; their jurisdiction did not extend to injuries for the redress of which the action of trespass on the case was the appropriate and exclusive remedy."

My colleague, Judge Stotz, in Sharp v. Boyer, 6 D. & C. 597, passed on the general subject of the jurisdiction of a justice of the peace. The syllabus of that case is:

"A justice of the peace has jurisdiction in trespass where the injury is by the direct act of the party, whether done wilfully or negligently.

"His jurisdiction extends to injuries due to negligent operation of an automobile where the force which caused the injuries was directly applied.

"Neither the Act of June 30, 1919, P. L. 678, nor the Act of June 14, 1923, P. L. 718, repealed the Act of July 7, 1879, P. L. 194.

"The Act of June 14, 1923, P. L. 718, was intended merely to give jurisdiction to justices of the peace where the injury was caused by a defendant who resided in some other county than that where the injury was inflicted, and limited the amount involved in such cases to $100."

Since then the legislature passed the Acts of May 11, 1927, P. L. 886, Sec. 1212, and May 1, 1929, P. L. 905, Sec. 1208, containing provisions similar to those discussed by Judge Stotz, and the Supreme Court, incidentally, in Aversa v. Aubry, 303 Pa. 139, has approved his ruling. Mr. Justice Walling said:

"Appellant calls our attention to section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 997. That, however, refers to actions brought to recover expenses paid in repairing damages done by motor vehicles and is not applicable to the instant case."

In Miller v. Snyder, 6 D. & C. 475, Judge Iobst held:

"Where an automobile on a public highway, driven by an employe of defendant under the direction of defendant and engaged in the master's business, causes damages to another automobile, the damages are consequential." See, also, Harden v. Scheib et al., 11 D. & C. 231, and Faunce v. Rowan, 13 D. & C. 109.

And now, February 8, 1932, this cause came on to be heard upon defendant's affidavit of defense raising questions of law, and upon consideration thereof it is ordered, adjudged and decreed that they be sustained and that judgment be entered by the prothonotary in favor of the defendant, and against the plaintiff for costs. From Henry D. Maxwell, Easton, Pa.