## Cochran v. Gall

*Bard & Brown*, for plaintiff.
*Robert Ruppin, Harris C. Arnold* and *John A. Coyle*, for defendant.

GROFF, P. J., February 27, 1932.—This is an action wherein Harry Cochran, plaintiff, brought suit before David N. Trapnell, an alderman in and for the City of Lancaster, to recover the sum of $73.78. A hearing was had before the said alderman, the defendant failed to appear and a judgment was rendered against the defendant, H. B. Gall, by the said alderman, for the sum of $73.78, from which judgment an appeal was taken to the Court of Common Pleas of Lancaster County. After the said appeal was taken, the defendant filed a petition, under the Act of March 5, 1925, P. L. 23, in which this court is asked to set aside and vacate the said judgment, and that all proceedings thereon be declared of no effect.

The plaintiff, after the appeal was filed in the court of common pleas, filed a statement of claim, in which he alleged, in paragraph five, with other matters, that "an automobile truck owned by the defendant and operated by his servant, Fred Johns, and being driven north on Prince Street, entered the intersection of the two streets after the plaintiff had entered it and crashed into and collided with the automobile of the plaintiff at the said intersection."

The defendant says that this constitutes trespass on the case and that the alderman had no jurisdiction thereof, and for that reason the prayer of his petition should be granted.

In Shafer *v.* Cascio et al., 288 Pa. 56, 69, it was held: "If the justice had not jurisdiction, the common pleas cannot have it on appeal."

The plaintiff claims here that the Vehicle Code of 1929, P. L. 905, Sec. 1208, as amended by the Act of June 22, 1931, P. L. 751, gives jurisdiction in all civil actions for damages, irrespective of whether they be actions of trespass on the case or actions vi et armis. These acts are only extensions, or rather reënactments, of the Acts of June 30, 1919, P. L. 678, June 14, 1923, P. L. 718, and May 11, 1927, P. L. 886, in somewhat different form, and extending the jurisdiction of the courts in certain respects thereto.

From the syllabus in the case of Drew *v.* Peer, 93 Pa. 234, we find that "where injuries are inflicted by a servant in the course of his employment, but without the command or assent of his master, case and not trespass is the proper form of action to recover damages from the master."

In Caulwell et al. *v.* McCutchen, 42 Lanc. L. Rev. 285, we held that:

"An alderman or justice of the peace does not have jurisdiction, under section thirty of the Act of June 14, 1923, P. L. 718, and article twelve, section 1212, of the Act of May 11, 1927, P. L. 886, in an action of trespass on the

case for damages caused by a motor car collision between parties both of whom live within the jurisdiction where the cause of action arose.

"Where the injury is done through the negligence of a servant, an action for damages is trespass on the case.

"If a magistrate had no jurisdiction, the common pleas cannot have it on appeal."

In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, it was held that:

"The damages for which a plaintiff may sue before a justice in this form of action are such as arise where the injury is immediate and would be recoverable in the common-law action of trespass vi et armis, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case. It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction; . . ."

In Sprout v. Kirk, 80 Pa. Superior Ct. 514, the court reiterated the same principle and held that where, in an action of trespass brought before a justice of the peace, the damages were alleged to have been caused by a collision between an automobile and a farm wagon, and the evidence was conflicting, the question of negligence should have been submitted to a jury. This court has decided the question in the same way on different occasions.

In Kaufman v. Stone, 27 Lack. Jur. 228, Newcomb, P. J., of Lackawanna County, on October 18, 1926, decided that:

"An alderman has no jurisdiction in a common-law action for consequential damages, nor has the common pleas any on appeal."

We think the proceeding taken on the part of this defendant is the proper one.

In Lutz v. Frey, 40 Lanc. L. Rev. 521, Landis, P. J., decided that:

"While under the Act of April 14, 1921, P. L. 144, the right to raise a question of law by affidavit of defense was extended to appeals from magistrates, a preliminary question of jurisdiction under the Act of March 5, 1925, P. L. 23, should be raised by petition and rule to show cause, and not by affidavit of defense on such appeal."

In Miller v. Snyder, 6 D. & C. 475, decided by Iobst, J., it was held that:

"Where an automobile on a public highway, driven by an employe of defendant under the direction of defendant and engaged in the master's business, causes damages to another automobile, the damages are consequential.

"A justice of the peace or an alderman has no jurisdiction to try such an issue."

The Act of March 5, 1925, P. L. 23, provides as follows:

"Section 1. Be it enacted, etc., that wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments.

"Section 2. All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted and such preliminary question disposed of by the court. Such procedure shall be deemed de bene esse only and shall not operate as a general appearance."

We conclude that the petition to set aside and vacate the judgment of the alderman was the proper proceeding in this case. The alderman had no jurisdiction, and consequently we make the rule to show cause why the judgment

should not be set aside and vacated, and all the proceedings thereon declared of no effect, absolute.

Rule made absolute. From George Ross Eshleman, Lancaster, Pa.