COLLISTER v. HAYMAN et al.

(Supreme Court, Appellate Division, First Department. April 25, 1902.)

1. THEATER TICKETS—TRANSFERABILITY.
   If a theater ticket is a mere personal license, given by the proprietor to the purchaser to enter and witness the performance, as the weight of authority indicates, it is not salable or transferable by the purchaser, notwithstanding he has a municipal license therefor.

2. SAME—SALE OF TICKETS ON SIDEWALK OUTSIDE THEATER—INTERFERENCE WITH BUSINESS—INJUNCTION PENDENTE LITE.
   On motion for injunction pendente lite to restrain interference with plaintiff's business of selling on the sidewalk tickets of admission to defendants' theater, plaintiff's affidavits set out that defendants did not sell at the theater tickets for the certain seats, but sold them to theatrical agencies at various hotels for sums in excess of the schedule price; and with the intent that they should be resold at a profit. Defendants' affidavits set out that the tickets were not sold at an advance, but at the regular price, and purely as an accommodation to the public, and that they were sold by the agencies at the schedule prices; that the unsold

tickets were received back if returned before certain hours; that they had written on them that they would not be received from persons buying them on the sidewalk, and a notice that they constituted a mere license. *Held* insufficient to show that the tickets sold the agencies had lost their character of revocable licenses, and that an injunction pendente lite was properly denied.

3. SAME—DISCRIMINATION.

Defendants could not be enjoined from refusing to accept tickets sold on the sidewalk because of a supposed discrimination between parties purchasing in that manner and those purchasing at the theater or at the agencies, with the intention of themselves using the tickets, the requirements of the law being satisfied where no discrimination was made by the theater proprietors among the persons to whom they sold revocable licenses to enter the theater.

Appeal from special term, New York county.

Injunction by William H. Collister against Albert Hayman and others. Order denying an injunction pendente lite, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Max D. Steuer, for appellant.

A. H. Hummel, for respondents.

PATTERSON, J. The plaintiff, describing himself as a broker or speculator in theater tickets, sued the defendants as the proprietors and managers of the Knickerbocker Theater in the city of New York, to restrain them from interfering with him in the prosecution of his business of selling upon the sidewalk, outside of prohibited limits, tickets of admission to that theater. His complaint sets forth that he carries on business under a license granted to him by the municipal authorities of the city of New York, and that hence he is lawfully engaged in the pursuit of his calling as authorized; that the defendants have placed upon the theater building a conspicuous sign warning the public against buying tickets from him, and declaring that such tickets will not be recognized or received by them, and the purchasers thereof will not be permitted to enter the theater upon such tickets; and that the defendants employ agents or servants who approach persons intending to purchase tickets from the plaintiff, and warn such persons against purchasing, and declare that if such purchases are made the tickets will not be received at the theater, and such intending purchasers will not be allowed to enter. Upon the verified complaint and affidavits of the plaintiff and others engaged in the same pursuit or occupation, and an affidavit of an intending purchaser establishing the acts of the defendants respecting the notification that tickets bought upon the sidewalk would not be received at the theater, an application was made at the special term for an injunction pending suit to restrain the defendants from interfering with the plaintiff, to require them to remove the sign above referred to, and to compel them to desist from employing or allowing persons to interfere in the manner indicated, or in any other manner, with the plaintiff in the lawful pursuit of his occupation. The motion for an injunction was denied, and from the order of denial the plaintiff now appeals.

Much of the argument of the learned counsel for the appellant is irrelevant to the real question involved in the action. That the plaintiff is engaged in a lawful business is not material to the discussion. He has purchased a privilege from the city to buy and sell theater tickets; but that privilege relates only to the right to buy and sell that which is purchasable and vendible. The privilege accorded by the city authorities cannot change the inherent nature of a theater ticket. If that ticket is something that may be bought and sold by anyone, as the court of appeals seem to think railroad tickets are (Tryoler's Case, 157 N. Y. 116, 51 N. E. 1006, 43 L. R. A. 264, 68 Am. St. Rep. 763), then there would be a good ground to support the plaintiff's contention. But the weight of authority is to the effect that a theater ticket is merely a license given by the proprietor of the place of entertainment to the purchaser of that ticket to enter upon the premises of such proprietor to witness a performance, and that in its nature it is a revocable license. Purcell v. Daly, 19 Abb. N. C. 301; McCrea v. Marsh, 12 Gray, 211, 71 Am. Dec. 745; Wood v. Leadbitter, 13 Mees. & W. 838. The last-cited case is a leading authority upon this subject; and while in courts of other jurisdictions somewhat different views of a theater ticket have been taken, those expressed by Baron Alderson in that case have met with acceptance in our courts, as would appear from the opinion of Selden, J., in Babcock v. Utter, 1 Abb. Dec. 33. If the theater ticket is a mere personal license, it is not salable or transferable. Mendenhall v. Klinck, 51 N. Y. 246. But the case presented by the plaintiff does not stop here. His claim is that, notwithstanding the apparent form of the ticket and the fact that ostensibly it may be only a revocable personal license, the defendants themselves have given to their theater tickets another quality, and by their own acts have made them vendible articles. That the terms of an instrument are not conclusive that it is a license, was held in Greenwood Lake & P. J. R. Co. v. New York & G. L. R. Co., 134 N. Y. 435, 31 N. E. 874, and it is a familiar rule that a grantor of a license may by his own acts convert it into something more than a personal privilege to the licensee. Hence the plaintiff has undertaken to show by affidavit that these defendants have put their theater tickets upon the market to be sold as any other merchandise might be sold by brokers or speculators, or, as in the Tyroler Case, by what are called "ticket scalpers." Affidavits were presented in the court below to the following effect: That these defendants do not sell at the theater tickets for the first 10 rows of seats in a certain section of the theater auditorium; that tickets for the seats in such rows are sold by the defendants to persons who conduct what are called theatrical agencies, at a great many different hotels and other places in the city of New York; that the defendants charge to those persons a sum in excess of the regular schedule price at which tickets for other portions of the same section of the theater are sold at the theater; that the sales to the persons conducting those agencies are made with the intent and purpose that they shall be resold, at a further profit to such persons, to anyone who may become a purchaser; and that thus the character of these theater tickets is radically changed from that of revocable licenses to that of ordinary

articles of merchandise that may be dealt in and bought and sold by anyone. But the affidavits presented to the court below on the part of the defendants meet this claim of the plaintiff. The defendants, and those connected with the management of the theater, positively swear that the tickets issued to these theatrical agencies, so called, are not sold to such agencies at an advance; that they are issued at the regular schedule price; that no extra charge is made for them; that they are furnished to the agencies purely as an accommodation to the public and guests of hotels, many of whom are strangers in the city, and the prices paid for them are the same prices advertised as the box office rates at the theater; and that tickets unsold by those agents are received back at the theater if returned before a certain hour of the evening of the night on which the performance is to be given; that no profit whatever over and above the schedule price is made or received by the defendants; that all tickets delivered to the agents have plainly printed upon them that they will not be received from persons buying them upon the sidewalk, and also have distinctly printed upon them a notice of the character of the ticket as a license, and of the control which the theater managers intend to retain over those tickets as a license, so that purchasers from these theatrical agents are notified at once that the nature of the ticket is not to be changed by the fact of its being sold through or by such agents.

This plaintiff claims that he bought his tickets at one of the theatrical agencies known as Tyson's. When he bought those tickets he knew of the limitation put upon them by the notification on the face and on the back of them, and that he was simply purchasing a license which would not be good in his hands to transfer or sell to purchasers who might apply to him upon the sidewalk. The claim of the plaintiff, therefore, that the nature of the license was changed by the acts of the defendants, is met, at least to the extent of justifying the court below in refusing to grant an injunction pending suit.

There is nothing in the contention that the defendants should be enjoined from refusing to accept these tickets from purchasers on the street because of a supposed discrimination between those who purchase in that manner and those who purchase at the theater or from the theatrical agents with the intention of themselves using these tickets. The provisions of law cited in this connection by the counsel for the appellant are fully satisfied when no discrimination is made by the theater proprietors among the persons to whom they sell revocable licenses to enter their theater to witness the performance.

The order appealed from should be affirmed, with $10 costs and disbursements.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur. LAUGHLIN, J., concurs in result.