Argued 24 January, decided 27 February, 1906.

## TAYLOR *v.* COHN.

84 Pac. 388.

THEATRES — CONTRACT CREATED BY PURCHASE OF TICKET*— TORTS.

1. A purchaser of a theatre ticket becomes thereby only a licensee, and such license is revocable at the pleasure of the seller, the latter thereby becoming liable to damages for the breach of the contract, but not in tort.

THEATRES — REFUSAL TO PERMIT USE OF TICKET — COMPLAINT IN ACTION
    FOR DAMAGES.

2. A complaint alleging that defendant is the proprietor of a theatre; that plaintiff purchased of him tickets therefor; that they were presented at the proper time and place; but defendant refused to allow him to occupy the seats; and that by reason thereof he was damaged — states a cause of action for breach of contract, and other allegations as to the color of plaintiff and the circumstances of the refusal may be rejected as surplusage.

---

*NOTE.— The Nature and Extent of the Right Acquired by the Holder of a Ticket to a Theatre is the subject of a note to the case of *Horney* v. *Nixon,* 1 L. R. A. (N. S.) 1184. See, also, *Collister* v. *Hayman,* 1 L. R. A. (N. S.) 1188, for a note on the right of a theatrical manager to impose restrictions on the privilege of admission to his show, with special reference to the practice of selling tickets on the sidewalks near the theatre and about hotels.

As to violating the civil rights of negroes in restaurants, trains, schools and theatres, see *People* v. *King,* 1 L. R. A. 293 : 6 Am. St. Rep. 389 ; *Ferguson* v. *Gies,* 14 Am. St. Rep. 576, 584 : 9 L. R. A. 589 ; *Louisville, N. O. & T. Ry. Co.* v. *State,* 14 Am. St. Rep. 599 ; *Lehew* v. *Brummell,* 23 Am. St. Rep. 895 : 11 L. R. A. 828 ; *Younger* v. *Judah,* 16 L. R. A. 558 (briefs): 33 Am. St. Rep. 527.— REPORTER.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by Oliver Taylor against S. Morton Cohn for refusing to allow plaintiff to occupy a box in defendant's theatre. A demurrer to the complaint was sustained, and plaintiff appeals.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. McCants Stewart.*

For respondent there was a brief over the name of *Bernstein & Cohen,* with an oral argument by *Mr. Alexander Bernstein.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an appeal from a judgment in favor of the defendant, on demurrer to a complaint. The complaint alleges that plaintiff is a colored person residing in the City of Portland, and that the defendant is the owner and proprietor of a theatre or place of amusement in that city; that on or about the 1st of August, 1904, the plaintiff went to the box office of the defendant and purchased of his agent tickets for five box seats in his theatre for a certain performance; that thereafter, and during the hours of general admission and before the performance, plaintiff, conducting himself above reproach, scorn or ridicule, applied for admission to such theatre, presenting the tickets aforesaid; that to his great shame, mortification and humiliation the defendant's agents refused to allow the plaintiff the accommodation of such seats, and said to him, "You are colored people, and it is a rule of this house not to allow negroes to occupy boxes, and you'll have to exchange your tickets"; that plaintiff refused to exchange his tickets, and was thereupon requested by defendant's agents to leave the theatre; that he was accompanied by his wife and had as his guests three friends, and was greatly disappointed, disturbed in mind, insulted and humiliated by defendant's refusal to allow him equal

accommodations in the theatre with other persons; that by reason thereof he has been embarassed and damaged in the sum of $5,000, and demands judgment in that amount. If the complaint states a cause of action in tort or for trespass only, the demurrer was unquestionably properly sustained, regardless of the question whether in this State persons can be discriminated against on account of color.

1. A ticket to a theatre or other place of amusement is a mere license, revocable at the pleasure of the theatrical manager. It is true it constitutes a contract between the proprietor and the purchaser of the ticket, and whatever contractual duties grow out of such relation the proprietor is bound to perform or respond in damages for breach of his contract, but he is not liable in an action for trespass or in tort. "A theatre ticket," say the editors of the Enc. Pl. & Pr., "being a mere license to the purchaser, which may be revoked at the pleasure of the theatrical manager, upon such revocation, if the person attempts to enter, or if, having previously entered, he refuses to leave upon request, he becomes a trespasser, and may be prevented from entering or may be removed by force, and can maintain no action of tort therefor. His only remedy is by an action on the contract to recover the money paid for the ticket and damages sustained by the breach of the contract implied by the sale and delivery of such ticket": 21 Enc. Pl. & Pr. 647. Among the authorities sustaining this doctrine are *Wood* v. *Leadbitter*, 13 M. & W. 838; *Mc-Crea* v. *Marsh*, 12 Gray (Mass.), 211 (71 Am. Dec. 745); *Burton* v. *Scherpf*, 1 Allen (Mass.), 133 (79 Am. Dec. 717); *Purcell* v. *Daly*, 19 Abb. N. C. (N. Y.) 301; *Horney* v. *Nixon*, 213 Pa. 20 (1 L. R. A., N. S. 1184, 61 Atl. 1088); *Collister* v. *Hayman*, 71 App. Div. 316 (75 N. Y. Supp. 1102);* And it makes no difference whether the ticket is one for gen-

---

* NOTE.—This case was affirmed by the court of appeals: 1 L. R. A., N. S. 1188.

eral admission or for particular seats or a designated por-
tion of the house.

The intimation in *Drew* v. *Peer*, 93 Pa. 234, that a theatre
ticket for a particular seat is more than a license, and is
in the nature of a lease, entitling the holder to the pos-
session of the seat during the performance for which it
was sold, was recently declared by the Supreme Court of
that State in *Horney* v. *Nixon*, 213 Pa. 20 (1 L. R. A., N. S.
1184, 61 Atl. 1088), not to be the law.  In the latter case
the plaintiff had purchased two reserved seats for a per-
formance at a theatre, but before the performance the city
authorities ordered certain end seats to be removed.  In
the confusion resulting from such removal the seats of the
plaintiff were sold to other parties.  When he presented
the tickets for admission, he was told he could not be given
the seats called for, but was offered others farther back.
He refused to accept them, and becoming noisy he was
invited to go into the corridor where the money paid for
the tickets was tendered to him, but he refused to accept
it.  He subsequently brought an action of trespass to
recover damages for the inconvenience and humiliation
suffered, but it was held that such action could not be
maintained.  The court said : "The case as presented by
the plaintiff has not a single tortious feature.  He had
purchased a ticket calling on its face for a seat which he
insisted on having, and it was the duty of the defendants
to give it to him ; but their failure to perform that duty
was simply a failure to perform their contract with the
holder of the ticket, and for such failure the remedy as
in any other simple breach of contract, is in assumpsit for
damages for the breach."  And, after alluding to the rule
applicable to common carriers, the court continues: "The
proprietor of a theatre is a private individual, engaged in
a strictly private business, which, though for the enter-
tainment of the public, is always limited to those whom.

he may agree to admit to it. There is no duty, as in the case of a common carrier, to admit every one who may apply and be willing to pay for a ticket, for the theatre proprietor has acquired no peculiar rights and privileges from the State, and is therefore under no implied obligation to serve the public. When he sells a ticket, he creates contractual relations with the holder of it, and whatever duties on his part grow out of these relations he is bound to perform, or respond in damages for the breach of his contract, if it is of that only that complaint can be made." It is clear, therefore, that plaintiff cannot maintain an action in tort against the defendant to recover damages for the wrongful refusal to permit him to occupy the seats purchased, nor for the humiliation or inconvenience attending such refusal.

2. The defendant is liable, however, for a breach of contract, and the question remains whether the complaint does not state facts sufficient to constitute such a cause of action. All forms of action have been abolished by statute (B. & C. Comp. § 1), and the only requirement is that the complaint contain a concise statement of the facts constituting the cause of action : B. & C. Comp. § 67. Now, the complaint states that defendant is the proprietor of a theatre ; that on or about a certain date the plaintiff purchased of him a ticket for seats at a certain performance in his theatre ; that such tickets were presented at the proper time and place, but defendant refused to permit the plaintiff to enter the theatre or occupy such seats; and by reason thereof he was damaged in a certain sum. This would seem to be a sufficient statement of a cause of action for a breach of contract. The other allegations of the complaint may be treated as surplusage, and it stand as an action to recover for breach of the contract made by the defendant with the plaintiff when he sold the theatre

tickets to him, and as a consequence the demurrer ought to have been overruled.

The judgment will be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                    REVERSED.