# Interstate Amusement Co. *v*. Martin.

## *Damage for Injured Feelings*

(Decided May 5, 1913.   62 South. 404.)

1. *Theaters and Shows; Actions; Complaint.*—Where the action was against the proprietor of a show or theater, for damages for the act of a performer in addresisng to plaintiff insulting and defamatory language, a complaint which shows that plaintiff was present at the performance by virtue of the ticket for which he paid was sufficient, it being unnecessary to allege specifically that he presented such ticket at the door and was admitted.

2. *Same; Ticket as Contract.*—A ticket to a theatre or other place of amusement is a contract between the proprietor and the purchaser and the proprietor is bound to perform the contracual duties growing out of the relation, or respond to an action for a breach.

3. *Same; Liability for Mistreatment.*—The proprietor of a theater is under duty to accord to a ticket-holder civil treatment, and that duty may be breached eithed by the proprietor himself or by mistreatment at the hands of an employee, within the scope of his employment, and may consist of uncivil or offensive language addressed to or spoken about the ticket holder.

4. *Same.*—Where the act of plaintiff, while attending the theater, in going upon the stage was in compliance with the request of a performer on behalf of the proprietor of the theater to anyone in the audience, it was not an abandonment of his position or relation as a guest or patron of the proprietor, and hence, the proprietor was liable for insulting and defamatory language addressed by the performer to the patron while on the stage.

5. *Master and Servant; Liability for Servant's Tort.*—A corporation is liable for slanderous words uttered by an employee, if their utterance constitutes a breach of a duty imposed on the corporation by a contract with the party slandered.

6. *Evidence; Condition of Mind.*—Where the action was against a theater proprietor for damages for offensive language addressed

to the patrons by a performer, it was not competent for the patron to answer questions as to whether he was embarrassed or humiliated by the language since a person may not testify as to the effect of an occurrence upon his mind or sensibilities.

7. *Same; Res Gestae.*—A remark by a person in the audience after plaintiff had left the stage was hearsay, and not a part of the res gestae in an action against the proprietor of a theater by a patron for damages for the use to him by an employee of offensive language.

8. *Charge of Court; Conformity to Evidence.*—Where there was no evidence that defendant had nothing to do with the production of the performance, the evidence rather showing without conflict that the performer was acting as defendant's employee, an instruction to find for the defendant if the performer was paid by it, for certain performances on the stage with the production of which the defendant had nothing to do, was properly refused as not in conformity to the evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Action by I. D. Martin against the Interstate Amusement Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The charge referred to in the thirteenth assignment of error is as follows: "If one Cummings was engaged by the defendant, Interstate Amusement Company, and paid by it for certain performances on the stage, with the production of which the Interstate Amusement Company had nothing to do, your verdict should be for the defendant."

ALLEN & BELL, for appellants. The second count of the complaint was subject to demurrer.—*Dusenberry's Case,* 94 Ala. 413; *Ensley Ry. Co. v. Crewning,* 93 Ala. 24; *Rodgers v. Brooks,* 99 Ala. 31; *Patrick v. DeBardelaben,* 90 Ala. 13. It does not sufficiently appear from the complaint that the employee was acting within the line or scope of his employment by defendant.—*Woodward I. Co. v. Curl,* 53 South. 215; *Green v. Bir. C: I. & L. Co.,* 162 Ala. 609; *Adams v. So. Ry.,* 166 Ala. 449. The count does not fix the liability upon the defendant

[Interstate Amusement Co. v. Martin.]

for the tort of its agents.—*Singer Mfg. Co. v. Taylor,* 150 Ala. 574. The plaintiff was not in the theatre by virtue of any contract.—25 A. & E. Enc. of Law, 1033; *Wood v. Leadbetter,* 13 M. & W. 838. The court was in error in permitting plaintiff to testify that he was embarrassed and humiliated.—*L. & N. v. Sharp,* 171 Ala. 212; *W. U. T. Co. v. Cleveland,* 169 Ala. 131. On the above authorities the charges requested should have been given.

BONDURANT & SMITH, for appellee. The analogy is that of carrier and passenger and innkeeper and guest. —*DeWolf v. Ford,* 86 Ala. 532; *Dixon v. Waldron,* 41 Am. St. Rep. 450. The complaint was not demurrable. —*Baird v. B. R. L. & P. Co.,* 30 South. 457, and authorities supra; 38 Cyc. 254. The allegation of damages was sufficient.—*Johnson v. Roberts,* 8 Port. 486; *Harris v. Purdy,* 1 Stew. 231; *Marx v. Haskins,* 101 Ala. 66; 13 Cyc. 106. The declaration of persons in the audience were of the res gestæ and admissible.—8 Enc. fo Evid. 264; *Nott v. Stoddard,* 38 Ver. 25. The court properly refused the charges requested.—170 Mass. 577; 84 N. J. L. 624. Counsel discuss other assignments of error, but without further citation of authority.

WALKER, P. J.—The second count of the complaint, as it was amended, avers that on a date named the defendant was operating a theater where performances and entertainments were given for a consideration, and to which the public were invited, that the plaintiff purchased a ticket which entitled him to admission to a performance given by the defendant on that day, one of the acts of which was an exhibition by a named agent or servant of the defendant, and that during the performance of that act said agent or servant, while he

was acting in the line and scope of his employment, did invite plaintiff to the stage and, in the presence of the audience, addressed to him insulting and defamatory language, which is set out. It sufficiently appears from the averments of this count that the plaintiff was present at the performance mentioned, by virtue of the ticket for which he had paid. The suggestion made in the argument of the counsel for the appellant that the count is faulty because of the absence of specific averments to the effect that the plaintiff presented his ticket and was admitted to the theater is hypercritical.

While a ticket to a theater or other place of amusement may not confer upon the holder of it such a right to a seat or place to see the performance as to entitle him to maintain an action of trespass for being excluded therefrom, yet it constitutes a contract between the proprietor and the purchaser of the ticket; and whatever contractual duties grow out of such relation, the proprietor is bound to perform or respond in damages for breach of his contract.—*Horney v. Nixon*, 213 Pa. 20 61 Atl. 1088, 1 L. R. A. (N. S.) 1184, 110 Am. St. Rep. 520, 5 Ann. Cas. 349; *Taylor v. Cohn*, 47 Or. 538, 84 Pac. 388, 8 Ann. Cas. 527; 38 Cyc. 265.

It is not to be doubted that one of those duties is to accord to the ticket holder civil treatment while he is exercising the privilege for which he has contracted. This duty is one that may be breached by the proprietor himself, or by mistreatment at the hands of an employee while acting within the range or scope of his employment, and the mistreatment may consist in the use of uncivil and offensive language addressed to or spoken about the ticket holder.

It is suggested in the argument of the counsel for the appellant that, as the latter is a corporation, it cannot be held to liability for slanderous words uttered by its

employee, and in support of this position reference is made to the ruling in the case of *Singer Mfg. Co. v. Taylor,* 150 Ala. 574, 43 South. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90. In the opinion rendered in that case it was recognized that the rule of non-liability there announced is not applicable where the utterance of the slanderous words by an employee of a corporation constitutes a breach of a duty imposed upon the latter by a contract between it and the party complaining. Such is the case presented by the count here in question. The act complained of is that of an employee of the defendant while engaged in an exhibition which constituted a part of the performance, for the privilege of witnessing which the plaintiff had paid. For the act of the employee within the line or scope of his employment the employer is liable, where such act is a breach of a duty of the employer to the plaintiff arising out of a contract between them. The alleged act of the employee was a breach of his employer's duty to the plaintiff not to subject the latter to insult or indignity. The averments of the count show the existence of a duty owing by the defendant to the plaintiff, and a breach of that duty by one for whose misconduct on the occasion alleged the defendant is responsible, and it was not subject to the demurrer interposed to it.

After the plaintiff, testifying as a witness in his own behalf, had detailed the occurrence complained of, he was permitted, over objections duly interposed, to answer the questions, "Did it embarrass you?" "Were you humiliated?" Under recent rulings it must be held that it is reversible error to admit such evidence as to the effect of an occurrence upon one's mind or sensibilities.—*Western. Union Telegraph Co. v. Cleveland,* 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534; *Louisville & Nashville R. R. Co. v. Sharp,* 171 Ala. 212, 55 South. 139.

[Interstate Amusement Co. v. Martin.]

Remarks in reference to the incident made by a person in the audience after the plaintiff had left the stage, which was the scene of the incident, did not constitute a part of the res gestæ, and evidence of such remarks was subject to objection as hearsay.

The charge mentioned in the thirteenth assignment of error was properly refused, as no phase of the evidence in the case tended to prove, as was hypothesized in that charge, that the defendant "had nothing to do" with the production of the performance referred to. On the contrary, the evidence without conflict was to the effect that the performer mentioned was acting as an employee of the defendant.

The defendant was not entitled to the general affirmative charge requested in its behalf on the theory that the undisputed evidence in the case sustained either of its special pleas upon which issue was joined. This claim, made in argument especially with reference to the averments of plea 5, cannot be sustained. The evidence was such as to support a conclusion that the act of the plaintiff in going upon the stage and putting the performer in handcuffs was not, as was alleged in the plea, an abandonment of his position or relation as the guest or patron of the defendant, but was a compliance with a request made in behalf of the defendant to any one in the audience, and so may be regarded as an act which the defendant invited the plaintiff as its patron or guest to perform.

Reversed and remanded.