(90 Misc. Rep. 474)

### WOOLCOTT v. SHUBERT et al.

(Supreme Court, Special Term, New York County.   May, 1915.)

1. CIVIL RIGHTS ☞2—EQUAL PRIVILEGES—VALIDITY OF STATUTE.
   Civil Rights Law (Laws 1909, c. 14 [Consol. Laws, c. 6] as amended by Laws 1913, c. 265) §§ 40, 41, entitling all persons to equal privileges in theaters, and prescribing a penalty for violation of such right, not only conforms with public policy and is within the police power, but merely enlarges the remedy, and hence is not void as creating a cause of action for damages.
   [Ed. Note.—For other cases, see Civil Rights, Cent. Dig. §§ 1–10; Dec. Dig. ☞2.]

2. INJUNCTION ☞94—RIGHTS PROTECTED—CIVIL RIGHTS—DRAMATIC CRITIC.
   Where defendants, the managers of certain theaters, on a claim that the attendance of plaintiff, a dramatic critic, was for the purpose of writing adverse criticisms and thus causing defendants pecuniary loss, had forbidden him the privilege of entrance, refused to honor his tickets of admission, and threatened to eject him if he should enter, as the remedy at law is inadequate, an action against all the managers for a violation of Civil Rights Law, § 40, as amended in 1913, was within the equitable jurisdiction of the court, and an injunction pending determination of the action was authorized.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 165; Dec. Dig. ☞94.]

Action by Alexander Woolcott against Lee Shubert and others. On motion for an injunction to recover for a violation of Civil Rights Law, § 40. Ordered according to opinion. Order reversed in 154 N. Y. Supp. 643.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leventritt, Cook & Nathan, of New York City, for plaintiff.
William Klein, of New York City, for defendants.

HENDRICK, J. Defendants are managers of certain theaters, and plaintiff is engaged as a dramatic critic by the New York Times. His attendance at defendants' theaters has been interrupted. Defendants have forbidden him the privilege of entrance, have refused to honor his tickets of admission, and have threatened to eject him by force if he should enter. Defendants claim that dramatic performances to which the public are invited are on the same plane as private theatricals, and that they have the same right to select their auditors in the one case as in the other. Their view is clearly stated in the following extract from the brief filed in their behalf on this motion:

"The defendants claim that no person has any right to enter a theater, unless it be with the consent of the manager or owner."

Carried into practice, that doctrine would justify any manager in refusing to admit to his theater, and, even after admission, to eject or cause to be ejected, any person or persons without cause or reason, except the will of the manager or owner of the theater.

The particular question involving the facts here disclosed has never been decided in this state. In the case of People ex rel. Burnham v. Flynn, 189 N. Y. 180, 82 N. E. 169, 12 Ann. Cas. 420, Burnham, a theatrical manager, was convicted of the crime of conspiracy. The Appellate Division reversed an order dismissing a writ of habeas corpus, and the Court of Appeals concurred. The courts virtually decided that a statement made by Burnham to the members of a theatrical association, of which he was a member, to the effect that one Metcalfe had made libelous attacks upon some members of the association and holding religion up to ridicule, followed by the exclusion of Metcalfe from some of the theaters, did not constitute a criminal conspiracy. Whether a man who behaves himself can be arbitrarily excluded from theaters was not involved in the question decided. In Collister v. Hayman, 183 N. Y. 250, 76 N. E. 20, 1 L. R. A. (N. S.) 1188, 111 Am. St. Rep. 740, 5 Ann. Cas. 344, a speculator in theater tickets, sued to restrain a theater manager from interfering with his business of selling tickets on the sidewalk. It was the policy of the manager, of which public notice was given and which was printed on the tickets, to recognize no tickets peddled on the sidewalk. This was held to be a reasonable regulation, and did not involve the question of discrimination between patrons of theaters. The case of Collister v. Hayman, 71 App. Div. 316, 75 N. Y. Supp. 1102, was a similar action, in which a temporary injunction demanded by the ticket speculator was denied. In Luxenberg v. Keith & Proctor Amusement Co., 64 Misc. Rep. 69, 117 N. Y. Supp. 979, the nature of the action was described in the opinion as follows:

"This action was brought to recover damages for breach of contract, and the only question presented for our determination is the measure of the damages to be awarded the plaintiff. The plaintiff purchased four tickets at the box office of the defendant's theater."

Those facts could not present the question now under consideration. Burton v. Scherpf, 1 Allen (Mass.) 133, 79 Am. Dec. 717, was an ac-

tion for assault and battery. In 1857, plaintiff, a colored man, purchased a ticket for a concert in Lowell, but before taking his seat he was ejected, and the sum paid for admission was tendered back. The lower court held that an action lay for assault and battery. The Supreme Court held that the action should have been for breach of contract. Purcell v. Daly, 19 Abb. N. C. 301, decides that a limited theater ticket is not transferable, and the assignee cannot sue the manager to recover back the price paid. In Western Turf Association v. Greenberg, 204 U. S. 359, 27 Sup. Ct. 384, 51 L. Ed. 520, it was decided that a state statute providing for equal rights to persons holding tickets to places of amusement is constitutional. The court held that the place of amusement was "so far affected with a public interest that the state may, in the interest of good order and fair dealing, require defendant to perform its engagement to the public and recognize its own tickets of admission in the hands of persons entitled to claim the benefits of the statute." In Aaron v. Ward, 203 N. Y. 351, 96 N. E. 736, 38 L. R. A. (N. S.) 204, it was decided that a person holding a ticket for a key to a bathhouse was entitled to substantial damages when refused the key and ejected from the premises.

These cases cited by the parties do not lead me to a conclusion under the doctrine of stare decisis; but there seems to be a general consensus of judicial opinion, manifested arguendo, in favor of the position taken by defendants. The argument is that theaters are strictly private concerns, conducted solely for private profit or private pleasure, and that managers not only may refuse admission under an arbitrary discrimination, but they may quietly eject any person after selling him a ticket of admission. Under this doctrine the victim of the manager's resentment may recover the money he has paid for the ticket and the disbursements made on the faith of the ticket; but he must suffer the humiliation and inconvenience without recourse. If my conclusion hung on the state of the law as thus summarized, I should be inclined to refuse the relief sought by plaintiff.

[1] But, after all those cases were decided, the Legislature of this state amended a statute (Civil Rights Law) so that it reads in part as follows:

"Sec. 40. Equal Rights in Places of Public Accommodation, Resort or Amusement. All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages and privileges of any place of public accommodation, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner, lessee, proprietor, manager, superintendent, agent or employé of any such place, shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages or privileges thereof.

"Sec. 41. Penalty for Violation. Any person who shall violate any of the provisions of the foregoing section, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than $100 nor more than $500, to be recovered by the person aggrieved thereby, * * * and shall, also, for every such offense be deemed guilty of a misdemeanor."

Laws 1909, c. 14 (Consol. Laws, c. 6) as amended by Laws 1913, c. 265.

That statute seems to me to supplement those already existing which secure to our citizens equal right and privileges. If it be objected that

the statute purports to create a cause of action, and is therefore void, because damages cannot be created by legislative fiat, the answer is twofold: The legislation comports with our public policy, state and national, and may rest upon the broad basis of the police power; secondly, the Legislature does not create a cause of action, but simply enlarges the remedy. The patron ejected has a cause of action for reimbursement at common law, and now he may recover an additional sum in the nature of liquidated damages. The person who wrongfully cuts down a tree is liable for actual damages; under the statutes he may have to pay double or treble that sum.

Defendants also justify under the facts. They claim that plaintiff wants to attend their theaters for the purpose of writing adverse criticisms and thus to cause them pecuniary loss. At the trial they must be able to procure a finding of fact to that effect, but for the purposes of this motion I am constrained to hold that plaintiff has not been convicted of a vengeful purpose. So far as the affidavits and exhibits show, his judgments have often been favorable, and when adverse they have frequently been in accord with criticisms published in other papers.

[2] There is some force in defendants' claim that the facts do not justify an appeal to equity. The simple fact that a plaintiff may be obliged to bring several actions is hardly sufficient to transfer his legal controversies from a court of law to one of equitable jurisdiction. Especially is this true in a case like this, where the cause of action is quasi criminal in its nature and is founded in part on an exercise of the police power. But other considerations must be noted. There are several defendants, all united in interest to deny to plaintiff some of his civil rights. One action at law would determine nothing. Legal relief would be inadequate. It is defendants' purpose to assert their claims continuously. In the meantime, unless equity interferes, plaintiff is without remedy, and the court at the end of an action at law would be unable to compel reparation. On the whole, I am satisfied that the action falls within the equitable jurisdiction.

An order will be entered, in form similar to the order heretofore made, restraining the defendants pending the determination of the action or other order of the court, to be settled on notice. As the attorneys for plaintiff have asked for a speedy determination of this motion, to the end that the question may be ultimately and authoritatively determined by the appellate courts, and inasmuch as the question is not entirely free from doubt, I will grant a stay of all proceedings, except to review the order to be entered herein, until the determination of the appeal by the Appellate Division, upon condition that the appeal be taken within the statutory period.

Ordered accordingly.