## Billet v. Bauder.

*Practice, C. P.—Certiorari—Justice of the peace—Record—Matters outside the record—Depositions.*

1. Upon appeal to the Common Pleas from the judgment of a justice of the peace, it may be said that it has been the uniform tendency of our courts to dispose of questions arising upon *certiorari* from the record alone, but there are exceptions to this rule. Depositions may be taken and read to show that the claim made before a justice was not within his jurisdiction, or that partiality or fraud exists on the part of the justice and the record is not correct.

*Jurisdiction, J. P.—Trespass vi et armis—Trespass on the case—Master and servant—Liability of master for acts of servant.*

2. The facts upon which the jurisdiction of a justice of the peace is based must appear affirmatively upon the record.

3. In an action where a justice of the peace awarded damages for trespass upon lands, where the transcript is contradicted with reference to the evidence produced before the justice by depositions of a witness, who denied that he had testified as stated in the transcript, and the transcript, as thus contradicted, shows that the action was trespass on the case rather than trespass *vi et armis*, jurisdiction is not established, and judgment will be reversed.

4. A master cannot be held for the trespass *vi et armis* of his servant, unless such trespass was by the command of the master or with his assent. Evidence of the presence of the master at the time of the commission of the trespass, or thereafter, and evidence that he made no objection to the trespass, must be produced before acts of a servant will be esteemed the acts of the master.

*Certiorari.* C. P. Dauphin Co., June T., 1922, No. 123.

*Metzger & Wickersham,* for plaintiff; *Stroh & McCarrell,* for defendant.

Fox, J., Oct. 11, 1922.—In this case the defendant has filed exceptions to the transcript returned by the justice upon *certiorari,* which, in effect, are that the record is defective, in that it fails to show the cause of action affirmatively and with certainty, and that the case was within the jurisdiction of the justice; that the justice was without jurisdiction because the claim was for consequential damages, and that, in making up his record, the justice acted partially and fraudulently in inserting that the defendant planted various plants on the land of the plaintiff, and that witness Bowman testified that at the direction of the defendant he planted defendant's plants on the land of the plaintiff.

An examination of the transcript discloses that the form of action was "Trespass for the recovery of damages for injuries done or committed on real

estate." Various kinds of claims may be sued for in an action of trespass for injury to real estate from which damages result, in some of which a justice has jurisdiction, and in others, he has none, and the transcript should set forth enough to show that the demand was based on a cause of action within his jurisdiction.

In the case of Wood v. Bronson, 2 Dist. R. 746, Seely, P. J., said: "No one can ascertain from the record in the present case whether the word trespass is used in its old and technical meaning or in its new and statutory meaning; whether the action was trespass as the word is used in the Act of 1814, or trespass on the case for consequential damages. To affirm the judgment, we must do so in ignorance whether the justice had jurisdiction or not. We think that, whatever may have been the rule before, since the Act of 1887, a justice of the peace, entertaining jurisdiction in an action of trespass, must so designate the wrongful act alleged, so as to show that it is within the jurisdiction conferred by the Act of 1814. That such jurisdiction can no longer be inferred from the use of the word 'trespass.' The exception is sustained and the judgment is reversed."

In the case of Fitzgerald v. Campbell, 10 Pa. C. C. Reps. 397, Rice, P. J., said: "2. The transcript sets forth that the form of action was trespass, and that on the day of hearing the plaintiff appeared and offered testimony, but does not state the nature of his demand or whether it was for injuries to his real or personal estate. Of a similar record, Judge Woodward said: 'This is a defective record. The justice should set forth the character of the alleged injury with sufficient clearness to indicate that his jurisdiction in the premises exists:' Sutliff v. Noble, 5 Kulp, 10. It is the nature of the plaintiff's demand, and not merely the form of action, by which the court is to determine whether the justice had jurisdiction: Grosky v. Wright, 2 Kulp, 415; and this must be shown by the record: McCale v. Kulp, 8 Phila. 636. Nor is it sufficient to set forth the cause of action in the summons. The Act of 1810, relating to actions of debt, the provisions of which were extended to actions of trespass and trover by the Act of 1814, makes it the duty of the justice to enter at large upon his docket 'the kind of evidence upon which the plaintiff's demand may be founded, whether upon bond, note, penal or single bill, writing obligatory, book debt, damages on assumption, or whatever it may be.' While it is true that the justice need not state the evidence upon his record, still, the record must show a demand based on a cause of action within his jurisdiction, and ought to exhibit enough to show in future actions between the same parties what was adjudicated. When this appears, and, also, that testimony was heard, it would be presumed that his judgment was based on legal proof, but if this does not appear, no presumption is allowed to cure the defect or supply the omission: Baab v. Brader, 3 Kulp, 352. Since the passage of the act abolishing the distinction between the forms of actions ex delicto, there are many demands cognizable in an action of trespass of which justices of the peace have not jurisdiction. Hence, it cannot be inferred from the mere form of the action that the proof adduced by the plaintiff was in support of a demand by which the justice had jurisdiction, and as a bar to a second action, the docket would be wholly valueless as evidence."

The transcript discloses nothing further as to the form of action, except relating to the testimony, which is as follows: "Billet, plaintiff, sworn, claims $5 damages for injury done or committed on his real estate for repeated trespass by the defendant and his employees. The defendant and his employees planted various plants on the land of the plaintiff and took entire charge

3 D. & C.

thereof without right and without the permission of the plaintiff. Mr. Bowman, called and sworn for the plaintiff, testified that, at the direction of Mr. Bauder, he planted Mr. Bauder's plants on land which apparently belonged to Mr. Billet."

One of the exceptions is to the effect that the justice has made it appear that he has jurisdiction, in stating that the defendant planted various plants on the land of the plaintiff, and the witness, Bowman, testified that at the direction of the defendant he planted the various plants on the land of the plaintiff, and in thus making up the record the justice acted partially and made a false record.

It may be said that it has been the uniform tendency of our courts to dispose of questions arising upon *certiorari* from the record alone, but there are exceptions to this rule. Depositions may be taken and read to show that the claim made before the justice was not within his jurisdiction, or that partiality or fraud exists on the part of the justice, and, therefore, the record is not correct.

In the case of Dumber *v.* Jones, 1 Ashmead, 215, the court said: "That, generally speaking, objections to the judgment must, on a *certiorari*, be confined to those appearing on the record, which can neither be supported nor contradicted by parol evidence. . . . The judge supposes that exceptions to this rule may exist, such as corruption, partiality, not hearing evidence offered by both parties, deciding on the plaintiff's own oath, or error in law appearing on the face of the transcript. To establish corruption, partiality, the refusal to hear testimony or the fact of deciding on the oath of the plaintiff alone, we must, of necessity, hear parol evidence; there also may be cases in which the absence of jurisdiction can be established in no other way, as where one justice undertakes to re-examine what has already been determined by another. But in a case in which neither corruption, partiality or other malpractice is alleged, and where the object of the party offering parol testimony is to establish honest error in law or fact committed by the justice, parol testimony is inadmissible."

In the case of Coffman *v.* Hampton, 2 W. & S. 377, the court said: "And as parol proof is inadmissible to contradict or vary the record, it becomes in itself the best, if not the only, evidence to show the cause of action."

Depositions were taken for the purpose of showing that the testimony which was given at the hearing on May 20, 1922, showed that the trespass had not been committed by the defendant, but by his employee, without the direction or assent of the defendant, and that the record is false, and that the cause of action was not trespass *vi et armis*, but on the case. The plaintiff was called, and his deposition is, in part, as follows: "Q. Who did you say in your testimony committed this trespass for which you brought this suit? A. Bowman himself. Q. Did you say whether you had seen Mr. Bowman or any one else committing the trespass? A. Bowman told me." The deposition of the witness, Bowman, in part, is as follows: "Q. What was your testimony which you gave at that hearing? A. I testified that I planted the hedge with instructions from Mr. Bauder to plant the hedge, but no instructions from Mr. Bauder as to the location of the planting of the hedge were given." And in cross-examination: "Q. You also testified that you planted Mr. Bauder's hedge? A. Yes; I planted it, but not at his instructions as to where I should plant it."

That this was the testimony given at the hearing is not denied. A close examination of the depositions does not disclose that any testimony had been

given at the hearing from which the justice could insert in the transcript that the defendant committed the trespass or directed his servant, Bowman, to commit it, or that he assented to Bowman's planting on the land of the plaintiff at the time, or before or after, the planting was done.

The master cannot be held for the trespass *vi et armis* of his servant, unless done by the command of the master or with his assent. In Chitty's Pleadings, 10 Am. Ed. *181, it is said: "And, as we have already seen, unless there be an actual consent to the trespass, either before or after it was committed, or unless the act was the probable result of the orders given, and the servant used due care, even a master is not liable in an action of trespass for the act of his servant, though case may be supported against him in some instances for injuries in respect of which the servant is liable in trespass."

In the case of Yerger et ux. *v.* Warren, 31 Pa. 319, the court, at page 321, said: "It is an action of trespass. The master, as such, is not liable for the trespasses of his servant, unless the particular wrongful act of the servant was ordered by the master, or, in other words, unless the master be the immediate cause of the injury. Even then he is not liable because he is master, but because the act is personally and immediately his. To this the authorities are direct and full. It was early ruled in Morley *v.* Gaisford, 2 Hen. Bl. 442, in which case it was said that it was difficult to put a case where the master could be considered as a trespasser for an act of his servant which was not done at his command. And in Railroad Co. *v.* Wilt, 4 Whart. 143, the same doctrine was reasserted. It is true, it is not the immediate cause of the injury. Though the master is responsible for the negligence or unskillfulness of his servant, yet his responsibility is in case, not in trespass. In neither form of action is he answerable for the wilful act of the servant working an injury to another;" and at page 322, the court said: "The jury should have been instructed that if the particular wrong complained of, namely, throwing earth upon the plaintiffs' lot, was done by the orders of the defendants, *or with their direct assent at the time, they were trespassers, and responsible as principals* (all being principals in trespass), *and that, without such order or assent, they were not liable at all.*"

In Rohrback *v.* Pennsylvania R. R. Co., 244 Pa. 132, the court said: "To maintain trespass *vi et armis* against the employer, it must appear that the particular injury or act of trespass was done by his command or with his assent."

A justice has jurisdiction in an action of trespass *vi et armis,* but not in an action on the case: Rice *v.* Harrison, 9 Dauphin Co. Reps. 155.

The question here is, does the record and testimony taken at the hearing show that this was an action of trespass *vi et armis?* The transcript, as contradicted by the depositions, does not affirmatively and conclusively show this. The depositions show that the testimony given at the hearing disclosed that it was trespass on the case, if anything.

Our attention has been directed by counsel for plaintiff to the opinion of Corbet, P. J., in the case of Carlson *v.* Johnson, 2 D. & C. 109, and particularly to the declaration therein "that the law will esteem acts of a servant when done in his, the master's, presence and employ, without objection or dissent, as his acts, there can be no doubt." We concur with all that the learned court has said in the opinion, but in this case the testimony, as shown to have been given at the hearing, failed to show that the master was present at the time the trespass was committed or thereafter, and failed to enter his objection or dissent. It is necessary that evidence of the presence of the master at

3 D. & C.

the time of the commission of the trespass or thereafter, and that he made no objection to the trespass, be produced before the acts of the servant will be esteemed the act of the master. Such testimony, so far as the depositions disclose, was not offered, and we cannot assume that it was. Depositions were taken, both plaintiff and defendant being present, and we must assume they contain all that was testified to at the hearing that would conclude the defendant. We can act on what we have before us, and upon that alone.

We are of the opinion that the record and depositions do not disclose a clear, affirmative and conclusive action of trespass *vi et armis* by the defendant.

Wherefore, the exceptions are sustained and the judgment is reversed.

From William Jenkins Wilcox, Harrisburg, Pa.