# Sprout, Appellant, *v.* Kirk.

*Justices of the peace—Trespass—Trespass vi et armis—Automobiles—Collision—Jurisdiction—Act of March 22, 1814, 6 Sm. L. 182, Act of May 25, 1887, P. L. 271.*

A justice of the peace has jurisdiction in an action of trespass where the injury is by the direct act of the defendant whether done wilfully or negligently.

The action of trespass for the recovery of damages for injury done or committed on real or personal estate of which justices of the peace were given jurisdiction by the Act of March 22, 1814, 6 Sm. L. 182, was the action of trespass vi et armis, where the injury was immediate; their jurisdiction did not extend to injuries for the redress of which the action of trespass on the case was the appropriate and exclusive remedy.

The Act of May 25, 1887, P. L. 271, which abolished the distinction between trespass vi et armis and trespass on the case, so far as it relates to procedure, did not extend the jurisdiction of justices of the peace to causes of action not theretofore embraced therein.

Where, prior to the Act of 1887, the proper remedy for the recovery of damages would be trespass vi et armis, a justice of the peace has jurisdiction.

*Automobiles—Collision with farm wagon—Evidence—Case for jury.*

In an action of trespass to recover for damages to an automobile, caused by a collision with a farm wagon, the case is for the jury where the testimony is conflicting and the evidence in the case did not justify the court in declaring as matter of law that the plaintiff was guilty of negligence, or that the plaintiff was guilty of contributory negligence.

Argued November 13, 1922. Appeal, No. 207, Oct. T., 1922, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1919, No. 78, on verdict for defendant in the case of John E. Sprout v. Howard Kirk. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

514, (1923).] Statement of Facts—Opinion of the Court.

Trespass to recover damages for injuries to an automobile. Before HASSLER, J.

The facts are stated in the opinion af the Superior Court.

The court directed a verdict in favor of the defendant and judgment was entered thereon. Plaintiff appealed.

*Errors assigned* were the charge of the court and in directing a verdict for defendant.

*B. F. Davis,* for appellant.—The case was for the jury: Foote v. American Product Co., 195 Pa. 190; Baker v. Fehr, 97 Pa. 70.

The damages are for loss sustained by direct trespass and the justice had jurisdiction: Gingrich v. Sheaffer, 16 Pa. Superior Ct. 304; Ortel v. Higinbotham, 49 C. C. 176; Strohl v. Levan, 39 Pa. 177.

*Charles E. Workman,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

This is an action of trespass brought before a justice of the peace and removed to the common pleas by appeal. In the latter court the trial judge affirmed defendant's point for binding instructions. This is the error assigned. Two questions arise: first, whether the justice of the peace had jurisdiction of the case; second, whether, on the evidence presented, the case was for the jury.

1. The statement of claim in the common pleas alleges that on or about October 31, 1918, plaintiff's automobile was being driven by his son on a public road in the County of Lancaster in a careful manner, and that defendant was driving a four-horse team in an opposite direction on said road, "and the defendant's team was driven across the road and into plaintiff's automobile and with force and arms wrongfully drove his team into plaintiff's automobile," damaging the same, etc. It is

well settled that the action of trespass for the recovery of damages for injury done or committed on real or personal estate, of which justices of the peace were given jurisdiction by the Act of March 22, 1814, 6 Sm. L. 182, was the action of trespass vi et armis, where the injury is immediate; their jurisdiction did not extend to injuries for the redress of which the action of trespass on the case was the appropriate and exclusive remedy: Gingrich v. Shaeffer, 16 Pa. Superior Ct. 299; Birkhead v. Ward, 35 Pa. Superior Ct. 235. The Act of May 25, 1887, P. L. 271, which abolished the distinction between trespass vi et armis and trespass on the case, "so far as it relates to procedure," did not extend the jurisdiction of justices of the peace to causes of action not theretofore embraced therein. Prior to the Act of 1887, the proper remedy for the recovery of the damages claimed in this case would have been an action in trespass vi et armis: Strohl v. Levan, 39 Pa. 177. In that case plaintiff secured a verdict in an action of trespass vi et armis to recover damages resulting from a collision which occurred between him and defendant on a public highway. On appeal Mr. Justice THOMPSON, speaking for the Supreme Court, said: "As to the form of action, a question was made, but we think it is without difficulty. Trespass is proper, where the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion: 4 Whart. 143; 2 Bl. 895; 2 Lord R. 1402; 3 East. 598. If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence." The learned judge correctly held that the justice of the peace had jurisdiction.

2. In order to determine whether the affirmance of defendant's point for binding instruction was correct, we have examined the testimony. Viewing it, as we must, in the light most favorable to plaintiff, it appears that about eight o'clock in the evening of October 31, 1918, plaintiff's automobile was being driven by his son

on a public road in Lancaster County. The width of the road was about forty-five feet. As the automobile was rounding a curve in the road and keeping to the right-hand side of the center thereof, defendant approached from the opposite direction with a team consisting of a pair of horses hitched to the tongue of a farm wagon, with a pair of mules on the lead. He was riding on the lock bar of the wagon and admitted that he had a line on the team and was driving it. The automobile was running at a speed of about ten miles an hour. Plaintiff's son testified: "Just as we got right opposite the team, the near side mule came right over. That brought the off side mule up over the left-hand fender of our machine." He also testified, speaking of defendant: Q. "He ran into your machine?" A. "Yes, sir. His team came over and brought the off side mule up over the machine. He didn't stop them, because the team was still coming when his mules came over." Defendant's team, at the time of the collision (if the jury credited plaintiff's testimony) was where it had no lawful right to be: Foote v. American Product Co., 195 Pa. 190. The rights and duties of the driver of the team and the driver of the automobile were reciprocal. Each was required to obey the law of the road. "By the law and the custom of the land, it is the duty of persons traveling in wagons or other vehicles, meeting each other on the public road, to pass on the right-hand side of the road......This law or custom......applies to, and is intended to regulate the duty and conduct of, those traveling on the road as between themselves": Grier v. Sampson, 27 Pa. 188, and Foote v. American Product Co., supra. The team had ample room to pass the automobile on the right-hand side of the road. Defendant was driving the team and must be presumed to have had control of it. The lead mules suddenly swerved to their left and the collision occurred. This called for an explanation from defendant. The driver of the automobile was where he had a right to be and where the law of the road required

him to be when passing a vehicle coming in the opposite direction. The sudden deflection of the lead mules from the right side upon which defendant was traveling toward his left without notice was a violation of the "law of the road," which plaintiff was not bound to anticipate: Hershinger v. Pa. R. R. Co., 25 Pa. Superior Ct. 147. The fact that one of the meeting travelers on a public highway is on the wrong side of the road or fails to turn to the right raises a presumption of negligence: 29 Corpus Juris, 651. Plaintiff's contention was, and it is supported by the testimony, that the team ran or swerved from its proper side of the road to its wrong side. Defendant's contention was, according to his testimony, that the team was standing still and plaintiff ran his automobile into the team. This was a question for the jury. Of course, if the act complained of was accidental or beyond the control of defendant and did not result from his negligence, defendant would not be answerable. But the evidence in the case did not justify the court in declaring as a matter of law that defendant was not guilty of negligence or that plaintiff was guilty of contributory negligence. Plaintiff was entitled to have his case submitted to the jury with proper instructions as to the rights and duties of the parties at the time of the accident. The failure to submit it was error.

All of the assignments of error are sustained, and the judgment is reversed with a venire facias de novo.