## Sharp v. Boyer.

*Justice of the peace—Jurisdiction—Trespass—Injury to automobile—Acts of July 7, 1879, June 30, 1919, and June 14, 1923.*

1. A justice of the peace has jurisdiction in trespass where the injury is by the direct act of the party, whether done wilfully or negligently.

2. His jurisdiction extends to injuries due to negligent operation of an automobile where the force which caused the injuries was directly applied.

3. Neither the Act of June 30, 1919, P. L. 678, nor the Act of June 14, 1923, P. L. 718, repealed the Act of July 7, 1879, P. L. 194.

4. The Act of June 14, 1923, P. L. 718, was intended merely to give jurisdiction to justices of the peace where the injury was caused by a defendant who resided in some other county than that where the injury was inflicted, and limited the amount involved in such cases to $100.

See Felmly *v.* Michael, 6 D. & C. 52.

Statutory demurrer to statement of claim. C. P. Northampton Co., Sept. T., 1924, No. 38.

*F. P. McCluskey*, for plaintiff; *Smith, Paff & Laub*, for defendant.

STOTZ, J., Dec. 22, 1924.—The plaintiff brought suit against the defendant before an alderman in the City of Easton to recover damages sustained in a collision between plaintiff's and defendant's automobiles on a public highway. The alderman rendered judgment in favor of the plaintiff for $291.02. The defendant appealed to the Common Pleas, and the plaintiff thereupon, in accordance with the act of assembly and our rule of court, filed a statement of claim. The defendant then filed an affidavit of defence raising the question of law whether the alderman had jurisdiction in the first place and the Common Pleas upon appeal.

The statement of claim sets forth that the plaintiff was driving his automobile in a careful and proper manner on the public road, and that the defendant, driving his own car, negligently and recklessly ran into him and caused great damage to his (the plaintiff's) car. The defendant takes the position that on the face of the plaintiff's statement this was not a case of trespass *vi et armis* before the alderman, but a negligence case in the nature of trespass on the case, and that, therefore, the alderman had no jurisdiction. Counsel for defendant has submitted to us a voluminous and excellent brief in support of his contention, which we have examined with care, but we are unable to distinguish this case from Sprout *v.* Kirk, 80 Pa. Superior Ct. 514. In that case, as in ours, the plaintiff's automobile was being driven carefully on a public road when defendant, operating a four-horse team in the opposite direction, carelessly drove over on the wrong side of the road and ran his team into plaintiff's car, damaging it. One of the two questions raised upon appeal to the Superior Court was whether the justice of the peace had jurisdiction of the case, and this question was decided in the affirmative. In support of their decision the court, Judge Gawthrop delivering the opinion, cited Gingrich *v.* Shaeffer, 16 Pa. Superior Ct. 299; Birkhead *v.* Ward, 35 Pa. Superior Ct. 235, and Strohl *v.* Levan, 39 Pa. 177. In the last mentioned case Mr. Justice Thompson said: "As to the form of action, a question was made, but we think it is without difficulty. Trespass is proper where the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion: 4 Whart. 143; 2 Bl. 895; 2 Lord R. 1402; 3 East. 598. If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence." It is impossible to differentiate the case before us from the Sprout case. The injury complained of was caused "by the direct act of the party." The force which caused it was "directly applied."

But counsel for defendant further points to section 36 of the Act of June 14, 1923, P. L. 718, and earnestly contends that the alderman's jurisdiction is strictly limited in cases of this kind to $100. This section of the act reads as follows:

"Section 36. All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if plaintiff has had said damages repaired and shall produce a receipted bill for the same properly sworn to by the party making such repairs or his agent, or said action may be brought in the Court of Common Pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county: Provided, that no action involving more than one hundred ($100) dollars shall be brought before any alderman, magistrate or justice of the peace."

Neither the Act of 1923 nor the Act of June 30, 1919, P. L. 678, which is amended by the Act of 1923, expressly repeals the Act of July 7, 1879, P. L. 194, which confers jurisdiction upon aldermen, magistrates and justices of the peace in actions of trespass wherein the sum demanded does not exceed $300. The manifest intention of this section of the Act of 1923 was not to modify the jurisdiction of aldermen generally in trespass cases, as previously given them by existing law, or even in cases arising out of the operation of motor-

Sharp v. Boyer.

vehicles, but it was designed to give a simple, inexpensive and expeditious remedy where the injury was comparatively slight and the defendant had his domicile in a distant part of the State. It amounts to no more than an exception to the rule as to where suit must be brought, provided that if suit, as thus allowed, be brought before an alderman or justice of the peace, the amount involved must not be more than $100, with the further provision that the plaintiff must exhibit a receipted bill for the repairs, properly sworn to. The act applies only when the circumstances specified in this section of it exist. Under the Act of 1919, *all* civil actions for damages arising from the use and operation of any motor-vehicle could be brought in the county wherein the damages were sustained, presumably either in the Common Pleas or before an alderman. If before an alderman, the jurisdiction as to the amount involved was limited by the then existing legislation to $300. The Act of 1923 does no more than confer express jurisdiction upon aldermen, magistrates and justices of the peace in cases of this character, where the defendant resides in some other county, and reduces the amount which may be involved to $100. By its very terms this section of the act has no application where the defendant resides in the county where the suit is brought.

Now, Dec. 22, 1924, the defendant's statutory demurrer is overruled, with leave to file a supplemental affidavit of defence within fifteen days, otherwise judgment for the plaintiff.                    From Henry D. Maxwell, Easton, Pa.