## Harden v. Scheib et al.

*Ralfe O. P. Silverman*, for plaintiff; *Harry J. Schmitt*, for defendants.

GRAY, J., Jan. 9, 1928.—The action was begun before a justice of the peace. The transcript shows the issuance of a summons in trespass which was served in Allegheny County on a resident thereof by a constable. · A judgment for $71 and costs was entered for the plaintiff for damages caused in Allegheny County by an automobile collision in which defendants' automobile was driven by an employee of the defendants.

An appeal was taken to the County Court, where there was a trial and verdict and judgment for the plaintiff. The defendants raised the question of the jurisdiction of the justice of the peace and asked for binding instructions and moved for judgment *n. o. v.*, which was refused and judgment entered on the verdict.

The defendants, therefore, petition this court for leave to appeal on the ground that the justice of the peace had no jurisdiction, since the action was one of trespass on the case and not trespass *vi et armis*, and was not such an action as may be brought before a justice of the peace under the Act of June 30, 1919, § 36, P. L. 678, or the amendment thereof by the Act of June 14, 1923, § 30, P. L. 718. Aside from the Acts of 1919 and 1923, the jurisdiction of justices of the peace is confined to actions of "trespass *vi et armis* where the injury is immediate; their jurisdiction did not extend to injuries for the redress of which an action of trespass on the case was the appropriate and exclusive remedy. . . . Trespass is proper where the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion:" Sprout *v.* Kirk, 80 Pa. Superior Ct. 514.

This jurisdiction of justices of the peace is under the Act of March 22, 1814,'§ 1, 6 Sm. Laws, 182, as amended by the Act of July 7, 1879, P. L. 194. It seems to be conceded that where the injury is done through the negligence of a servant of the defendant, the action is on the case and not trespass *vi et armis*, and that under the Act of 1814 a justice of the peace would have no

jurisdiction of such an action. Numerous decisions of the Courts of Common Pleas of the State of Pennsylvania are cited to this effect and the rule seems to be generally recognized, although no decision of the Supreme or Superior Courts have been called to our attention. But it would seem to follow as a matter of course from the decision in the case of Sprout *v.* Kirk, 80 Pa. Superior Ct. 514, and similar cases.

The question arises whether the justice of the peace acquired jurisdiction by virtue of the terms of the Act of 1919 or the Act of 1923 referred to. Section 36 of the Act of 1919 reads as follows: "All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought in the county wherein the alleged damages were sustained, and service of process may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county."

Section 30 of the Act of 1923, amending section 36 of the Act of 1919, reads as follows:

"Section 30. That section thirty-six of said act is hereby amended to read as follows:

" 'Section 36. All civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same properly sworn to by the party making such repairs or his agent, or said action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county: Provided, That no action involving more than one hundred ($100) dollars shall be brought before any alderman, magistrate or justice of the peace.' "

Does the Act of 1923 confer general jurisdiction on justices of the peace in actions of trespass on the case arising from the use and operation of motor-vehicles, or does this act, if it does anything, simply give to justices of the peace jurisdiction to entertain such actions of trespass on the case where the plaintiff has had his damage repaired and produces a receipted bill for the same properly sworn to by the party making such repairs and where the defendant does not reside in the county where the damages were sustained?

No decision of the Supreme or Superior Courts deciding this question has been called to our attention. Counsel for defendant cites the cases of Sharp *v.* Boyer, 6 D. & C. 597, and Parson *v.* Downer, 7 Wash. Co. Reps. 28, 9 D. & C. 246, and on the basis of these cases and some other *nisi prius* cases cited contends that the Act of 1923, so far as it attempts to confer jurisdiction upon justices of the peace, is unconstitutional, and that the Act of 1919, as amended by the Act of 1923, if it is constitutional, only confers jurisdiction on justices of the peace in actions of trespass on the case where the defendant does not reside in the county wherein the damages were sustained, where it is necessary to make service on him elsewhere and where the amount involved is not over $100 and plaintiff has had his damages repaired and produces a receipted bill as specified in section 30 of the Act of 1923.

After careful consideration, we have come to the conclusion that the position of the defendants is correct, that the justice of the peace in this case had no jurisdiction, since the action is not of the character specified in section 30 of the Act of 1923.

Section 36 of the Act of 1919, which is a general act relating to and regulating the operation and use of motor-vehicles, confers no jurisdiction on a justice of the peace. The apparent purpose of this section is to permit an action which is cognizable in a Court of Common Pleas to be brought in the county where the alleged damages were sustained when the defendant did not live in such county, and it provides for service of process by the sheriff of the county where suit is brought through the sheriff of the county where the defendant or his registered agent resides, or where service may be had upon him under the laws of the Commonwealth. This was evidently to avoid the hardship of following a defendant to his own jurisdiction and putting upon the plaintiff the necessity of going to another county when he was injured by a non-resident of his own county. There is no enlargement of the jurisdiction of the Common Pleas Court as to the character of actions which could be brought in it; it was only as to the persons who could be brought within the jurisdiction of the court where an accident happened and where damages were sustained.

Section 30 of the Act of 1923 was also evidently enacted for the same purpose as section 36 of the Act of 1919, for the greater convenience of parties suffering damages at the hands of an operator of a motor-vehicle passing through a county, enacting that his action might be brought before a justice of the peace as well as in the Common Pleas Court, where the amount involved was not over $100 and where the damages were repaired and a receipted bill produced. Therefore, this act did not generally enlarge the jurisdiction of a justice of the peace in actions of trespass to include trespass on the case generally, and, aside from the particular class of cases mentioned in this act, left the jurisdiction of a justice of the peace as it had been under the Act of March 22, 1814. We are of opinion that the construction put upon the Acts of 1919 and 1923 by Judge Stotz, of Northampton County, in Sharp v. Boyer, 6 D. & C. 597, gives a correct interpretation. Judge Stotz in his opinion said:

"Neither the Act of 1923 nor the Act of June 30, 1919, P. L. 678, which is amended by the Act of 1923, expressly repeals the Act of July 7, 1879, P. L. 194, which confers jurisdiction upon aldermen, magistrates and justices of the peace, in actions of trespass, where the sum demanded does not exceed $300. The manifest intention of this section of the Act of 1923 was not to modify the jurisdiction of aldermen generally in trespass cases arising out of the operation of motor-vehicles, but it was designed to give a simple, inexpensive and expeditious remedy where the injury was comparatively slight and the defendant had his domicile in a distant part of the State. It amounts to an exception to the rule as to where suit must be brought, provided that if suit is thus allowed to be brought before an alderman or justice of the peace, the amount involved must not be more than $100, with the further proviso that the plaintiff must exhibit a receipted bill for repairs, properly sworn to. . . . The Act of 1923 does no more than confer express jurisdiction upon aldermen, magistrates and justices of the peace in cases of this character, where defendant resides in some other county, and reduces the amount which may be involved to $100. By its very terms this section of the act has no application where defendant resides in the county where suit is brought."

In Parson v. Downer, 7 Wash. Co. Reps. 28, 9 D. & C. 246, Brownson, J., came to the same conclusion as Judge Stotz in reference to the effect of the

Acts of 1919 and 1923 on the jurisdiction of justices of the peace, and, in addition to this, held that section 30 of the Act of 1923 is unconstitutional. In reference to this latter subject, Judge Brownson said:

"It is clearly unconstitutional and invalid because not covered by the title of the amending act. That title recites the title of the act proposed to be amended and if it had stopped after doing so, all of the proposed amendment would have been valid as being germane to the subject-matter of that title (Philadelphia v. Railways Co., 142 Pa. 484, 491; Blanchard v. Township Supervisors, 286 Pa. 283), but after making that recital, the title of the Act of 1923 proceeds to give a list of the particular subjects which it was proposed to amend and the changes to be made therein and this list did not include the matters which the body of the amending act undertakes to insert into section 36, so that the title, so far as concerned the attempted amendment of that section, is a misleading title."

We agree with Judge Brownson in his opinion as to the unconstitutionality of section 30 of the Act of 1923. There is nothing in the title of the act to indicate that any jurisdiction for violation of the act is conferred upon justices of the peace.

For two reasons, therefore, to wit, that the justice of the peace had no jurisdiction of this action under the Act of 1814 or the Act of 1919, as amended by the Act of 1923, even if the latter is constitutional, and because section 30 of the Act of 1923 is unconstitutional, we conclude that judgment should have been entered for the defendants in the County Court, and the record will be remitted to the County Court directing that judgment should be entered for the defendants.

From William J. Aiken, Pittsburgh, Pa.