## Faunce v. Rowan.

R. D. Hospers, for plaintiff.

Samuel Handler and Earl Handler, for defendant.

HARGEST, P. J., July 15, 1929.—This case comes before us on an appeal from the judgment of an alderman. The transcript shows that the alderman docketed his action in *assumpsit*, and that the plaintiff's demand was for "$22.95, money paid by the plaintiff for repairs to plaintiff's motor vehicle for damages caused by defendant's motor vehicle colliding with plaintiff's motor vehicle on the highway." Judgment was entered for the amount claimed.

The plaintiff, upon the filing of an appeal, not only claimed $22.95 for repairs, but also claimed $100 for depreciation in the value of the car, and $50 for the loss of the use of the car for a period of five days. A stipulation was entered into by counsel upon the argument that the court should consider the affidavit of defense in lieu of a demurrer as a motion to strike from the statement of claim those items which are found to represent consequential damages.

While the alderman designated the suit "action in *assumpsit*," the name given by him is immaterial, and, on appeal, the plaintiff may file his statement under the Practice Act of May 14, 1915, P. L. 483: Ankney *v.* Eby, 27 Dist. R. 571; Herr *v.* Witmer, 28 Dist. R. 413.

Notwithstanding the alderman's docket shows a suit for $22.95, the amount may be increased on appeal, provided it does not exceed the limits of the jus-

tice's jurisdiction, except so far as to embrace interest which has accrued since the institution of the suit: Shaw v. Squires, 153 Pa. 150; Goelz v. Eccleston, 83 Pa. Superior Ct. 284; Wanamaker v. Beamsderfer, 26 Dauphin Co. Reps. 121, 125; Parson v. Downer, 9 D. & C. 246.

The jurisdiction of justices of the peace was increased by the Act of July 7, 1879, P. L. 194, to $300. The Act of May 11, 1927, P. L. 886, provides, in section 1212, as follows: "All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county wherein the alleged damages were sustained, if the plaintiff has had said damages repaired and shall produce a receipted bill for the same, properly sworn to by the pary making such repairs, or his agent; or said action may be brought in the Court of Common Pleas of said county. . . . No action involving more than $100 shall be brought before the alderman, magistrate or justice of the peace."

The part omitted relates to the service of the process out of the county. It seems to be uniformly held that this section does not repeal the Act of July 7, 1879, by limiting the jurisdiction of the justices to $100, instead of $300, in damages resulting from motor vehicle collisions, but is intended as a procedural section applicable only where the plaintiff and defendant do not reside in the same county: Doolittle v. Barr, 10 D. & C. 820; Wenger v. Dull, 10 D. & C. 163; Sharp v. Boyer, 6 D. & C. 597; Smith v. Algeo, 74 Pitts. L. J. 224.

It is, therefore, apparent that the alderman in this case has jurisdiction to the amount of $300, but the jurisdiction of an alderman, arising from a motor vehicle collision, is limited to the damages which are the direct result of the injury; that is to say, where, under the Act of March 22, 1814, 6 Sm. Laws, 182, the action of trespass vi et armis would lie. The alderman has no jurisdiction for consequential damages arising from an automobile collision: Sprout v. Kirk, 80 Pa. Superior Ct. 514; Grosky v. Wright, 2 Kulp, 415; Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299; Birkhead v. Ward, 35 Pa. Superior Ct. 235; Parson v. Downer, 9 D. & C. 246.

It is contended by the defendant that the depreciation is consequential and not such a direct damage as to be within the alderman's jurisdiction. There seems to be no case directly in point. We cannot accept this view. The depreciation was instantaneous after the collision; the damage was immediate, even though it might not be at once ascertainable. There is no doubt that the costs of the repairs, under all the authorities, are damages within an alderman's jurisdiction when resulting from what would formerly have been a trespass vi et armis. They are not immediately ascertainable, and we can see no difference in principle between cost of repairs and depreciation. The damage is just as immediate in one case as in the other, and we think that depreciation must be classed as an immediate and not a consequential damage. In Sprout v. Kirk, 80 Pa. Superior Ct. 514, 516, it is said: "Force directly applied is the criterion." Cost of repairs, plus depreciation after repairs, are proper measure of damages: Butterworth v. Harrisburg Rys. Co., 30 Dist. R. 492, 24 Dauphin Co. Reps. 9.

We have no difficulty in concluding that the loss of use is consequential, and, therefore, not within the jurisdiction of the alderman. There the damage was not immediate, but was something subsequently suffered by the plaintiff as the consequences of the injury. Consequential damages are the natural results of the injury, but not the direct and necessary consequences: Swain v. Tennessee Copper Co., 78 S. W. Repr. 93, 95; 111 Tenn. 430.

To illustrate: The plaintiff needed the use of his car for the five days it underwent repairs. His need co-operated with the injury to create a loss to him because he could not use the car. But the amount necessary for repairs and the depreciation were immediate. These amounts were the same whether the plaintiff needed the car or not. In Grosky *v.* Wright, *supra*, Rice, P. J., held that the demand "for loss of buggy while awaiting repairs, and trouble," was clearly for consequential damages, and not recoverable before the justice.

### Order of court.

And now, July 15, 1929, for these reasons, under the stipulation filed, we strike from the statement the claim of $50 for five days' loss of use of automobile, and sustain the statement in other respects.

From Homer L. Kreider, Harrisburg, Pa.