## Hanlen v. Burns.

*Bowman & Reese,* for plaintiff; *J. P. McKeehan,* for defendant.

BIDDLE, P. J., November 24, 1930.—The plaintiff, J. B. Hanlen, brought an action before George H. Horning, justice of the peace, to recover the sum of $33.51 for damages caused to his automobile through a collision between it and a car driven by the defendant. The justice rendered a judgment in favor of the plaintiff for the sum of $33.51 damages and costs of suit. The defendant appealed from this judgment and filed the appeal in this court. On September 13, 1930, the plaintiff filed a statement in the case, entitling it "in trespass," and setting out, in substance, that on June 27, 1930, the plaintiff and defendant were driving their respective cars in a northerly direction along Front Street, in the Borough of Wormleysburg; that the car of the plaintiff was in the rear and signaled its intention to pass the car of the defendant; and, after such signaling, drew to the left and drew up nearly even with the car of the defendant, when the defendant, without warning,

turned suddenly to the left, driving his car immediately across and in front of the path of the plaintiff's car, so that the rear of the defendant's car came into contact and collision with the front of the plaintiff's car, causing damage to the plaintiff's car.

The defendant filed an affidavit of defense raising seven questions of law, which, if sustained, would require the entry of judgment in favor of the defendant. The very able and extended briefs filed bear no relation to the financial interests involved, but must be attributed to the erudition and industry of the learned counsel concerned. The first question raised by the affidavit of defense is that the statement of claim is insufficient because it does not show that the case is an appeal from the judgment of a justice of the peace. No authorities are cited to sustain this contention; and, in our opinion, the reason cannot be sustained. For, while it is true that the plaintiff on appeal may not depart from the cause of action instituted before the justice: Birkhead v. Ward, 35 Pa. Superior Ct. 235; Knappenberger v. Roth, 153 Pa. 614; the failure to note that it is such an appeal does not constitute such a departure, nor does the failure so to note in any manner prevent the defendant from raising any valid objection to the jurisdiction of the justice or any defense on the merits of the case.

The second reason advanced is that the statement does not show whether or not the cause of action set up in the statement is the same cause of action on which the justice of the peace entered judgment.

While it is true that the statement does not, in words, allege this, a comparison of the statement with the record of the justice shows that there is no change in the cause of action. The second reason cannot be sustained.

The third, fourth, fifth and sixth objections suggest that the statement does not show that the judgment entered by the justice of the peace was upon a cause of action of which the justice had jurisdiction; that it does not set out the cause of action of which the justice took jurisdiction; that it does not set out a cause of action within the jurisdiction of this court upon an appeal from a judgment recovered before a justice of the peace; and that the transcript of the record of the justice shows that the cause of action upon which the judgment was entered was not within his jurisdiction. In our opinion, none of these reasons can be sustained. For, while it is unquestionably true that the jurisdiction of the justice in cases of trespass is restricted to cases which are cases of trespass vi et armis: Sprout v. Kirk, 80 Pa. Superior Ct. 514; yet we think that the statement in this case as well as the transcript of the justice is ample to sustain the contention of the plaintiff that the action before the justice here is a case of trespass vi et armis. Whether such an action is a case of trespass vi et armis or an action of trespass on the case depends on whether the injury complained of was the result of action or force directly applied by the defendant. "Force directly applied is the criterion. . . . If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence:" Sprout v. Kirk, 80 Pa. Superior Ct. 514.

As we read the statement of claim, it is ample to sustain a finding that the collision was the result of force directly applied by the defendant. According to the statement, the defendant himself was operating his car, it was in motion at the time of the collision, and in motion in a direction where, under the circumstances, the fact that it would strike the car of the plaintiff was normally and naturally to be expected. If the plaintiff's car had been standing still and the defendant's car had been driven so that it would sideswipe the car of the plaintiff, it would scarcely be contended that the collision was

not the result of force directly applied by the defendant, and in that case the action here would clearly be one of trespass *vi et armis*. We are unable to see that the fact that the car of the plaintiff was also in motion in any manner changes this result. The learned counsel for the defendant, both in his oral argument and in the brief filed, admits that, if the collision had been a head-on one, the justice would have had jurisdiction. From the argument that he was making, we think it clearly follows that, if the two cars while in motion collided at a time when the defendant's car was being driven in a direction which necessarily crossed the path taken by the plaintiff's car, the same rule should apply; and, if there was doubt as to the facts on this point, we think the determination should be for the jury under proper instructions from the court—the course that was followed in the case of Sprout *v.* Kirk, *supra*.

The rule in actions similar to the present one, when brought against a nonresident, that it is necessary that the record of the justice show that the plaintiff has presented a receipted bill for the repairs to his car, properly sworn to by the party making such repairs or his agent, has no application in the present case, for that requirement would apply only if the proceeding before the justice had been under section 1208 of the Vehicle Code of 1929, P. L. 905, 997: Wenger *v.* Dull, 10 D. & C. 163; Faunce *v.* Rowan, 13 D. & C. 109.

In the very extensive and able brief submitted on behalf of the defendant, it is contended, and properly, that the proceeding before the justice in the present instance was not brought under that act; and the contention made can, therefore, have no application. The proceeding before the justice in this case, on the contrary, was brought under the jurisdiction conferred upon him by the Act of March 22, 1814, 6 Sm. L. 182, under which the requirements contended for by the defendant did not exist.

The seventh reason advanced in the affidavit is that the transcript of the justice called the proceeding before him an action of assumpsit, and that on appeal the plaintiff could not depart from this cause of action.

It is unquestionably true that the plaintiff may not depart from the cause of action instituted before the justice. But there has been no such departure. While the justice entitled the proceeding before him one of assumpsit, this is immaterial where the record, as a whole, showed clearly that the action was one of trespass and not in assumpsit: Faunce *v.* Rowan, 13 D. & C. 109.

As a reply to the defendant's attack on the jurisdiction of the justice, the plaintiff has contended that such an attack cannot be made by an affidavit of defense raising a question of law, and that the procedure should, on the contrary, be by a petition under the Act of March 5, 1925, P. L. 23. But we think that this contention of the plaintiff cannot be sustained, that act expressly applying to an attack on the jurisdiction in a court of first instance, and, as this is an appeal from the justice of the peace, this court is not a court of first instance. We think that an examination of the Act of 1925 indicates clearly that it does not apply to a proceeding before a justice of the peace, and we are satisfied that the defendant has adopted the proper method of raising the question of the jurisdiction, and that the procedure in such cases has not been in any manner changed or affected by the Act of March 5, 1925, P. L. 23.

And now, November 24, 1930, the affidavit of defense raising questions of law is overruled, without prejudice to the right of the defendant to file an affidavit of defense to the merits within fifteen days from the filing of this opinion and order.          From Francis B. Sellers, Carlisle, Pa.